## American Fire Insurance Company *versus* Hazen.

1. Where a policy of insurance provides that the insured shall submit detailed proofs of loss " as soon as possible " after a fire, it is sufficient if such proofs are submitted within a reasonable time under the circumstances of the case.

2. What is a reasonable time, when the facts are ascertained, is ordinarily a question of law for the court; where however the facts are not clearly established, it is, under proper instructions, for the jury.

3. Under the rules of the Court of Common Pleas of Mercer county, in all cases requiring an affidavit of defence the defendant must set forth in such affidavit all defences he intends to rely upon at the trial; he cannot set up, at the trial any matter not so specified in his affidavit.

4. In civil cases evidence of general good character is not admissible, unless from the nature of the action character is directly drawn in issue, as in libel or slander or seduction.

October 12th, 1885.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Mercer county:* Of October and November Term 1885, No. 57.

This was an action of debt by W. B. Hazen and W. A. Hazen, co-partners trading as W. B. Hazen & Son, on a policy of insurance, issued by the American Fire Insurance Company,

to recover damages for loss by fire of certain premises of the plaintiffs, covered by said policy. Plea, *nil debet.*

On the trial, before MEHARD, P. J., the following facts appeared: On June 1st, 1882, the plaintiffs effected an insurance with the defendant company in the sum of $1,000 on their flouring mill, machinery and fixtures. The application for the policy provided, inter alia, as follows: "If the insured shall have or make any other insurance on the property herein insured, or any part thereof, without written notice to, and the consent of this company hereon . . . . . then and in every such case the policy shall be null and void."

The policy provided that "the insured under this policy, sustaining loss or damage by fire, shall forthwith give notice in writing of said loss to the company and as soon thereafter as possible render a particular account by separate items, and proof thereof signed and sworn to by the assured," setting forth certain matters specifically mentioned.

On February 16th, 1883, the entire building and contents were destroyed by a fire, which was the work of an incendiary.

Notice of loss was immediately furnished the company; proofs of loss were furnished prior to May 10th, 1883, but were returned as defective. These defects were remedied and a subsequent proof of loss was sent and its receipt acknowledged by the company October 20th, 1883. This was also alleged by the company to be defective. W. B. Hazen was at the time of the fire and for a long time afterwards in feeble health and claimed that from February until August 1883, he was totally unfit for and did not pretend to do any business whatever, and that as soon as he was sufficiently recovered, he gave the matter his attention and on August 30th, 1883, made out the proofs.

Defendant denied the right of plaintiffs to recover in this action, First, because the proof of loss furnished by plaintiffs, and on which plaintiffs rely, is defective in several particulars. Second, because this proof was not furnished within the time stipulated in the policy on which this action is based; and third, because, as the defendants allege, the property insured was burned by one of the parties plaintiff.

Defendant offered in evidence the record of a judgment for $945 in favor of Emma Seedle against W. B. Hazen, filed February 8th, 1883, for the purpose of showing a motive on the part of plaintiffs in incumbering the property and afterwards burning it. Objected to as incompetent, because no such defence was set up in the affidavit of defence and under the rules of court no matter, unless so specified in the affidavit, can be set up at the trial, also because the judgment was against W. B. Hazen individually and not against the firm.

[Ins. Co. *v.* Hazen.]

THE COURT. "As there is no plea or statement in the affidavit of defence filed claiming that the policy was void on account of any incumbrance on the property, the objection is sustained, so far as the offer is made for that purpose." Exception. (Fifth assignment of error.)

Defendant offered in evidence the record of an action in the same court by the Susquehanna Mutual Fire Insurance Company against Wm. B. Hazen, and especially that part relating to an application by Mr. Hazen for insurance in The Susquehanna Fire Insurance Co. for $1,500, dated the 12th of June, 1879, for the term of five years. Offered for the purpose of voiding the policy in suit under the rules of the defendant company.

Objected to by plaintiffs. "(1.) Because the papers in the case show that the policy is not in force. (2.) Because there is not such plea in this case alleging any such policy. (3.) That under the Acts of Assembly applications are no parts of policies or no parts of the contract unless attached to the policies themselves and printed with the policies. (4.) That even if it should be an application to the defendant company, the defendant could not offer it in evidence here." Objection sustained. (Sixth assignment of error.)

In rebuttal, plaintiffs proposed to ask certain witnesses questions to prove the reputation of the plaintiffs in this case as peaceable, orderly, honest and good citizens to rebut the allegation made against them that they burned this mill.

Objected to by defendant upon the ground that it is incompetent, and also that the Statute of Limitations would bar any prosecution against the plaintiffs for the burning of this mill, and that they are now in a position that no indictment can be framed against them. Objection overruled and evidence admitted. Exception. (Seventh assignment of error.)

Defendant requested the court to charge, inter alia, as follows:

1st. "If the jury find as a fact from the evidence that the fire occurred on the 16th of February, 1883, that the proof of loss filed in this case was sworn to by the plaintiffs on the 30th of August, 1883, and should find as a further fact that the same was not forwarded to the defendant company until the 15th of October, 1883, a period of eight months, then they have not complied with the terms of the policy and the verdict must be for the defendant." *Answer.* "Refused as explained in the general charge." (First assignment of error.)

2d. "That if the plaintiffs or either of them have permitted any incumbrance on the property insured during the existence of the policy and before the date of the fire, without the con-

sent of the company endorsed on the policy, then the policy by its terms is void and the plaintiffs cannot recover." *Answer.* " As the question raised by this request is foreign to the issue raised by the pleadings in the case, the request is refused." (Second assignment of error.)

3d. " That under the facts of this case, as they appear from the papers on file, it is a question of law for the court whether the proofs of loss have been furnished in compliance with the terms of the policy and should not be submitted to the jury." *Answer.* " Refused." (Third assignment of error.)

5th. " That under the law and the evidence the plaintiffs cannot recover." *Answer.* " Refused. Whether or not the plaintiffs can or can not recover is submitted to you in view of all the facts in the case." (Fourth assignment of error.)

The court charged the jury, inter alia, as follows:

" About October 15th, 1883, the plaintiffs furnished the proof of loss which is in evidence, and which, I instruct you, is a sufficient proof, so far as form and substance is concerned, and the question whether it was furnished within a reasonable term or not, I leave to you for you to determine in view of the circumstances of this case. If sufficient reason for so long delay has not been affirmatively shown by the plaintiffs, their neglect to comply with the requirement of their policy is fatal to their claim, and plaintiffs cannot recover. In this connection you will consider the items which the policy required to be expressed in this proof, the exactness of the proof which the company required, as shown by their letters of May 10th, 1883, and the difficulty a person of ordinary intelligence and information would have, under the circumstances in getting such proof as the terms of the policy or the requisitions of the company required. If the plaintiffs used all reasonable means and exertions by themselves or through their agent or attorney to get together the requisite facts for a proof of loss, and to furnish such information as the company desired, and in so doing were unable to perfect the proof and furnish it to the company until the time the final proof in this case was furnished, their delay would not bar their recovery. . . . . . You will also consider the evidence which has been given as to the character of W. A. Hazen, because where one is shown to be a man of good character for honesty, for peace and for good order, it is a fact which should weigh with the jury before they would come to the conclusion that he would be guilty of such an offence—it is one fact to be weighed with others, and all are to be taken together."

Verdict for plaintiffs for $1,046.70 and judgment thereon. Defendant thereupon took this writ, assigning for error the

·ruling upon the evidence, the answers to the points and the portions of the charge above noted.

*S. R. Mason* (*R. J. Mason* with him), for plaintiff in error.— As a rule the court leaves the jury to find under all the facts in the case what is a reasonable time in which the assured must make his proofs of loss and forward them to the company. But where delay is unreasonable and unexplained, it is then a question of law for the court and should be taken from the jury :' Wood on Fire Insurance, pp. 703–5 ; Brink *v.* Hanover Ins. Co., 70 N. Y., 593 ; Bennett *v.* Young, 6 Har., 261 ; Smith *v.* Fisher, 12 Har., 222 ; Leaming *v.* Wise, 23 P. F. S., 173. It was error to exclude the evidence of the other incumbrances placed upon the property in violation of conditions in the policy : Bank *v.* Yerkes, 5 Nor., 227 ; Brown *v.* Ins. Co., 5 Wr., ·187 ; Nassauer *v.* Ins. Co., 13 Out., 507.

It was also error to admit evidence of plaintiffs' character and reputation : Tibbs *v.* Brown, 2 Grant, 39.

*James A. Stranahan* (*Bowser, Stewart* and *W. H. Cochran* with him), for defendant in error.—We contend that there was no delay in the proof of loss, except such as was occa- ·sioned by the false representations of the insurance company. Proof of loss was furnished before May 10th, 1883, which the company received, and retained in their possession, and in their letter of May 10th, 1883, they wrote the insured, stating alleged defects in it. Then, the loss being total, the plaintiff in error had sufficient notice of loss, without the mere formal proofs. This is decided in Home Ins. Co. *v.* Davis, 2 Outer- bridge, 280.

Mr. Justice CLARK delivered the opinion of the court, November 9th, 1885.

This action of debt is brought by W. B. Hazen & Son upon a policy of the American Fire Insurance Company, to recover damages for the loss by fire of the Pine Rifle Flouring Mills in Mercer county. The insurance was affected 1st June, 1882, for one year in the sum of $1,000, as follows: "$200 on the mill building, $75 on boiler and engine, $175 on purifier and bolts, and $550 on buhrs, shafting, belts, husks, water- wheel, and all other machinery used in the ·manufacture of flour, feed and meal, and contained in the said mill building and boiler house." The fire occurred 16th February, 1883, and the loss was total, the entire building with its contents having been consumed in the conflagration.

It is provided in the policy, that in the event of a loss by fire, the insured shall forthwith give notice thereof in writing

to the company, " and as soon thereafter as possible render a
particular account by separate items, and proof thereof signed
and sworn to by the assured," setting forth certain matters
specifically mentioned. The damages are payable sixty days
after the loss shall have been ascertained and satisfactory
proof thereof made to the company in accordance with the
terms of the policy. The notice, it is conceded was given as
required, but it is contended that the preliminary proofs were
not furnished " as soon thereafter as possible."

The fire, as we have said, occurred 16th February, 1883, and
proofs were furnished to the company sometime prior to the
10th May, 1883, but they are alleged to have been defective.
A second and more full and formal proof was made 30th
August, 1883, but was not submitted to the company until
15th October, thereafter; this was also disapproved as defec-
tive in several particulars, and notice to that effect was com-
municated to the plaintiff; when produced and offered in
evidence, however, the latter proof was adjudged sufficient,
both in form and in substance, and we do not understand that
any exception has been taken to this ruling of the court.

Whether this proof was furnised in a reasonable time, or as
soon after the casualty occurred as was reasonably possible, is,
therefore, the first question presented. What is a reasonable
time, when the facts are ascertained, is ordinarily a question
of law for the court, to be determined upon a consideration of
all the circumstances; where, however, the facts are not clearly
established, or where the question is dependent upon other
controverted matters it is, under proper instructions, for the
jury: Hickman v. Shimp, 13 Out. 16. In the case at bar,
it is alleged on part of the plaintiffs, that W. B. Hazen
was at the time of the fire, and for a long time afterwards in a
very feeble condition of health, physically and mentally; that
two of his sons had died in that spring, and that he was him-
self seriously sick, having been for two or three months con-
fined to his bed, that his memory was very much affected and
that from February to August 1883, he was totally unfit, and
did not pretend to do any business whatever; that he was
obliged to submit himself to a surgical operation, and that as
soon as he was sufficiently recovered, he gave the matter his
attention and made the proofs dated 30th August, 1883. Mr.
Cochran, who was his attorney, and prepared the proofs, testi-
fies that he was unable on account of the illness of Mr. Hazen
to communicate with him; that Mr. Hazen could give him
very little if any aid, and that it was with the greatest difficulty
that he was able to obtain the information requisite to comply
with the requirements of the company. The forms for proof,
it would appear, provided for an estimate of the value of the

building by the builders, and of the machinery by the mill-wrights, and Mr. Cochran states in detail the efforts which were from time to time made to complete the proofs on this plan; that for a long time he failed to find the millwrights who had constructed the machinery, that in the meantime he procured an estimate of others unacquainted with it, and that from these the proofs of 30th August, 1883, were made; that subsequently, however, he learned the names and whereabouts of the millwrights who built the machinery, and in order to know with certainty that the estimates were correct he held the proofs for the inspection and examination of those who thus had personal actual knowledge of the nature and value of the subject of loss. He says that he exercised reasonable diligence in the matters committed to his charge, and forwarded the proofs as soon as he could. These facts it is true were seriously controverted, but with the weight and conflict of the evidence, and the veracity of the witnesses we have nothing to do.

The company demanded that W. B. Hazen should join in the proofs, the preparation of which under the requirements of the company involved a considerable degree of detail and exactness of statement. If he was in fact mentally and physically unfit so to do; if as soon as he was sufficiently restored he set about the business of preparation; if his attorney advanced the work as rapidly as he could under the circumstances, if there was not upon the part of either any neglect or want of due diligence, until the time the final proof was furnished, the delay which ensued could not bar the plaintiffs' recovery. In this determination of the question, therefore, as to what was a reasonable time, under the circumstances, it was for the court to apply the law, and to submit the facts to the jury, and this, we think, was done.

The rules of the Court of Common Pleas of Mercer county require that the defendant, in a certain class of cases at least, must in an affidavit to be filed in response to the plaintiff's affidavit of claim, allege all the matters of defence upon which he relies, and provides in effect, that he will not be permitted at the trial to set up any matter, not thus specified in his affidavit. The rule referred to has not been printed, but its existence is nowhere denied. The affidavit filed is not before us, but it appears to be conceded that it contained no aver-ment as to incumbrances entered against the property, or that any defence could be taken upon that ground. If the rule of court is as stated the offer of the judgment of Emma Seedle against W. B. Hazen was rightly refused for any other purpose than that for which it was admitted. For the same

reason and others which might be stated, the record of the action of the Susquehanna Mutual Fire Insurance Company against W. B. Hazen was also inadmissible.

Upon the seventh assignment, however, we think this judgment must be reversed. The evidence as to the plaintiff's general reputation as an honest, peaceable, and orderly man may perhaps have had little effect in the determination of the cause by the jury, but it was received against the objection of the defendant, an exception was noted, and it is assigned for error here. It seems to be well settled in Pennsylvania that in civil cases, evidence of general character is not admissible, unless from the nature of the action character is directly drawn in issue, as in libel or slander and seduction. Putting character in issue, as was said in Porter v. Seiler, 11 Harris 424, is a technical expression which does not signify merely that personal reputation is incidently involved in the consequences or results of the action, but that the action in its nature directly involves the question of character.

In Nash v. Gilkeson, 5 S. and R. 352, evidence of the defendant's good character was rejected although actual fraud was imputed to him in the evidence of the plaintiff; and in Anderson v. Long, 10 S. and R. 55, the plaintiff was refused permission to show good character although the defendant set up his fraud by way of defence. In Porter v. Seiler, 11 Harris 424, an action of trespass was brought to recover damages for an injury wilfully inflicted with a knife, and evidence of the defendant's good character, as a peaceable man was excluded when offered for the purpose of rebutting malice. So in Zitzer v. Merkel, 12 Harris 408, it was held that evidence of the defendant's good character was inadmissible in an action on the case for seduction.

In Porter v. Seiler, *supra*, the authorities are carefully collected, and the whole subject elaborately considered, and we deem it unnecessary, on that account, to enter into any extended discussion of the question here. The rule may be considered as settled under our decisions, that in civil suits evidence of character is not admissible except where it is directly in issue, and when from the nature of the issues such evidence is of special importance; whether the act charged as complained of be indictable or not is not material. Here the company set up by way of defence, that the plaintiffs or some of them wilfully caused the fire which occasioned the loss, and although a verdict in favor of the company on that ground might affect the character of the plaintiffs, yet their character was in no proper sense put in issue.

The plaintiff's good reputation for honesty, peace and good

order would undoubtedly have been the legitimate subject of proof in their favor, upon the trial of an indictment, but it will not avail them in the trial of an action in enforcement of the contract of insurance, even though the defendants, by their plea, may charge upon them the perpetration of the same crime to relieve themselves from liability.

The judgment is reversed and a *venire facias de novo* awarded.