MARY E. PARKER *vs.* MIDDLESEX MUTUAL ASSURANCE COMPANY.

SAME *vs.* FARMERS' FIRE INSURANCE COMPANY.

Berkshire.    September 10, 1901. — October 15, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Insurance, Fire,* Sworn statement to be "forthwith rendered."

Buildings insured against fire under a policy in the Massachusetts standard form were destroyed by fire on October 3.    The sworn statement required to be "forthwith rendered to the company" was mailed to it by the assured on December 8, and was received on December 10 or 12.    The assured was a woman whose husband was "somewhat of an invalid."    On October 7, she was called to visit a sick grandchild who died on October 9.    The severe illness of the child's mother detained her until the latter part of October.    She returned to a village near her destroyed home and remained until the day after election in November.    She then moved to another State and was ill there for about two weeks. In an action on the policy, it was *held*, that there was no evidence that would warrant a jury in finding that she used due diligence in sending the statement as soon as she reasonably could, which was a condition precedent to recovering on the policy.    Assuming that the illness and death of the plaintiff's grandchild, the illness of her daughter and her own illness excused her from doing anything about preparing and sending the statement during the entire period of each illness, there was nothing to show that she used due diligence to send the statement during the intervals.    *Harnden* v. *Milwaukee Mechanics' Ins. Co.* 164 Mass. 382 explained.

TWO ACTIONS OF CONTRACT by the same plaintiff against two different insurance companies, each to recover on a policy of fire insurance in the Massachusetts standard form for the loss by fire of a dwelling house and contents and barns in the town of Sandisfield.   Writs dated April 8, 1899.

At the trial in the Superior Court, before *Dewey,* J., the judge refused to order verdicts for the defendants, but, after having read to the jury a portion of the opinion in *Harnden* v. *Milwaukee Mechanics' Ins. Co.* 164 Mass. 382, ruled that there was no evidence to warrant a finding that either of the defendants had waived its right to require the filing of proofs of loss in accordance with the terms of the policy, and that in each case the burden was upon the plaintiff to prove that she complied with the provisions in the policy according to the legal meaning of it. " And, of course, according to this decision which I have read to you, she must prove that in the sense of the policy, she furnished the proofs of loss ' forthwith '; provided she used due and reasonable diligence in regard to it, and in furnishing it."

The jury found for the plaintiff in the sum of $783.85 in each case; and the defendant alleged exceptions which, after the death of *Dewey,* J., were allowed by *Fox,* J., under St. 1894, c. 412.

The requirement of proof of loss in each of the policies was in accordance with St. 1894, c. 522, § 60, in the following form : " In case of any loss or damage under this policy, a statement in writing, signed and sworn to by the insured, shall be forthwith rendered to the company, setting forth the value of the property insured, the interest of the insured therein, all other insurance thereon, in detail, the purposes for which and the persons by whom the building insured, or containing the property insured, was used, and the time at which and manner in which the fire originated, so far as known to the insured."

The plaintiff relied on the following facts to excuse her delay in presenting the required statements.   The fire occurred on October 3, 1898.   The plaintiff's husband was somewhat of an invalid, and the plaintiff was troubled with asthma and heart difficulty and suffered much at the time of the fire from excitement and her efforts in saving her property.   She and her husband went home with a neighbor and the furniture which was

saved was moved to his house.   On October 4, the day after the
fire, the plaintiff sent a telegram to each of the defendants noti-
fying it of the loss.   The plaintiff testified, that on October 7
she received a telegram from her son saying that his child was
ill, and that he wanted her to go to his home in Dresden, New
York ; that she went on the morning of the 8th, and the child
died on the morning of the 9th ; that she stayed at her son's in
Dresden, New York, until some time in the latter part of Octo-
ber, to care for her daughter who was very ill, not thinking it
prudent to leave her sooner; that she then returned to New
Marlborough in this Commonwealth, which is the nearest village
to the property that was burned; that she remained at New
Marlborough until the day after election in November, 1898,
when she moved her goods and went to Dresden, New York,
where she was ill for about two weeks.

The sworn statements were mailed by the plaintiff on Decem-
ber 8, 1898, and were received by the defendants respectively on
December 10 and 12.

*H. V. Cunningham & F. W. Brown,* for the defendants.

*A. C. Collins,* for the plaintiff.

KNOWLTON, J.   The principal question in these cases is
whether there was any evidence on which to rest a finding that
the plaintiff complied with the requirement in each of the poli-
cies that in case of loss " a statement in writing, signed and
sworn to by the insured, shall be forthwith rendered to the com-
pany, setting forth the value of the property insured, the interest
of the insured therein, all other insurance thereon," etc.   That
such a requirement is valid, and that compliance with it is a
condition precedent to a right to recover, is unquestioned.

The fire occurred on October 3, 1898.   No such statement in
writing was rendered to either defendant until December 8,
1898.   On that day the statements were mailed, one of which
was received on December 10 and the other on December 12.
The true meaning of such a requirement in a policy is that the
statement shall be sent as soon as the exercise of reasonable
diligence will enable the assured to send it.   When it is con-
tended that a statement was not sent in time under such a re-
quirement, the inquiry always is whether the insured, whose
duty it was under the contract to send the paper as soon as he

reasonably could, has used due diligence to send it promptly. If there is no dispute in regard to the facts, what is due diligence is a question of law for the court. *Smith & Dove Manuf. Co.* v. *Travelers' Ins. Co.* 171 Mass. 357. *Kimball* v. *Howard Ins. Co.* 8 Gray, 33. *Smith* v. *Newburyport Ins. Co.* 4 Mass. 668. *Howland* v. *India Ins. Co.* 131 Mass. 239. *Bennett* v. *Lycoming County Mutual Ins. Co.* 67 N. Y. 274. *Mispelhorn* v. *Farmers' Ins. Co.* 53 Md. 473. *Insurance Co. of North America* v. *Brim,* 111 Ind. 281. The decision in *Harnden* v. *Milwaukee Mutual Ins. Co.* 164 Mass. 382, rests in part on matters which are recited in the opinion, as follows: "Subsequently the defendant . . . agreed that, if the first proof of loss was delivered to Breed with a promise on his part that he would forward it, the jury might find for the plaintiff. . . . It would seem as though counsel for the defendant did not care to argue that, under the circumstances, due diligence had not been used by the plaintiff in rendering the statement, if one was rendered the last of January, but preferred to rest on the contention that the first proof was not delivered to Breed at all." In considering the effect of this case as an authority, these recitals should be kept in mind.

Giving full effect to all the evidence relied on by the plaintiff to excuse the delay in sending the statements, and treating it as literally true, we are of opinion that there is nothing in it which would warrant the jury in finding that she used due diligence to send them as soon as she reasonably could. The judge rightly ruled that there was no evidence to show that either of the defendants waived its right to have the statement sent according to the terms of the policy. The plaintiff was bound to know, and the evidence tends to show that she did in fact know, the terms and legal effect of this requirement in the policy. She waited sixty-six days after the fire before mailing a statement of loss to either company. She relies upon the illness of her grandchild, and his death which occurred on October 9, and the illness of the child's mother, which was such that she did not think it prudent to leave her until the latter part of October, and her own illness for about two weeks in the middle or last part of November, as reasons for failing to send the statements of loss earlier. If we assume in favor of the plaintiff, without deciding, that the illness and death of her grandchild and the illness of her

daughter and her own illness excused her from doing anything about the business of preparing and sending the statements during the entire periods in which there was any illness of either of them, there is no evidence to show that she used due diligence to send the statements during the intervals when, so far as appears, she easily could have prepared and sent them. No circumstances are testified to which show a sufficient reason for neglecting her duty in this particular for so long a time. Such neglect for a much shorter period has often been held fatal to the right of the insured to recover. *Swain* v. *Security Live Stock Ins. Co.* 165 Mass. 321, 323. *Smith & Dove Manuf. Co.* v. *Travelers' Ins. Co.* 171 Mass. 357. *Trask* v. *State Fire & Marine Ins. Co.* 29 Penn. St. 198. *Inman* v. *Western Ins. Co.* 12 Wend. 452. *Quinlan* v. *Providence Washington Ins. Co.* 133 N. Y. 356. *Brown* v. *London Assurance Co.* 40 Hun, 101. *Whitehurst* v. *North Carolina Mutual Ins. Co.* 7 Jones, (N. C.) 433. *Railway Passenger Assurance Co.* v. *Burwell*, 44 Ind. 460. *LaForce* v. *Williams City Ins. Co.* 43 Mo. App. 518.

The question whether there was due diligence has been submitted to a jury in cases where the evidence was doubtful or conflicting, and where, upon the view of it most favorable to the plaintiff, the court would find due diligence. See *Home Ins. Co.* v. *Davis*, 98 Penn. St. 280 ; *Carpenter* v. *German American Ins. Co.* 135 N. Y. 298 ; *Donahue* v. *Windsor County Mutual Ins. Co.* 56 Vt. 374.

While some of the evidence objected to was not competent as having any binding effect against the defendants, we have assumed that it might be considered for what it was worth, as a part of the history of the plaintiff's situation and circumstances, so far as it had any tendency to throw light on the question whether she acted with due diligence.

*Exceptions sustained.*