Unverzagt *v.* Prestera (et al., Appellant).

142

Argued March 25, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Lee C. McCandless,* of *Marshall & McCandless,* for appellant.

*J. Campbell Brandon,* of *Brandon & Brandon* and *Painter & Painter,* for appellee.

OPINION BY MR. JUSTICE DREW, May 13, 1940:

Plaintiff, having won a verdict and recovered a judgment against defendant Prestera in an action of trespass for personal injuries, issued an attachment execution naming the Indemnity Insurance Company of North America as garnishee, Prestera being an insured under a liability insurance policy issued by that company. At the trial of the issue between plaintiff and garnishee, a jury found for plaintiff and judgment was entered on the verdict, the court having refused motions for judgment n. o. v. and a new trial. This appeal followed.

The pertinent facts for the purpose of this appeal are these: On May 24, 1938, Prestera, while driving a car loaned to him by its owner, Given Campbell, Jr., was involved in an accident in which plaintiff and his minor son suffered serious injuries. A few days later Prestera returned the car to its owner, but made no mention of the accident. On September 8, 1938, Campbell first learned of the accident by being notified by plaintiff's lawyers that a suit had been instituted against him and Prestera. Campbell immediately contacted the latter, who had already been served with a summons and statement of claim, and they then reported the accident to the insurance company (the present garnishee), which had issued to Campbell a liability policy wherein it was provided that the word "insured" included not only the named insured, but also any person while using the automobile with his permission. Prior to this time Prestera had no knowledge of the policy, which required, under the heading "Conditions", the giving of written notice to the company by or on behalf of the insured "as soon as practicable" after the occurrence of an accident. The sole question to be decided on this appeal

is whether this condition was fulfilled by Prestera. The jury found that it was.

Since notice had to be given before a duty of immediate performance arose on the part of the company, this condition was a condition precedent: Restatement of Contracts, sec. 250; Williston on Contracts, sec. 666A. A failure to comply with such a condition releases the insurer from the obligations imposed by the contract, although no prejudice may have resulted: *Ross v. Mayflower Drug Stores, Inc.*, 338 Pa. 211, 215. What constitutes compliance with such a condition, however, varies with the particular circumstances of each case. Thus, if it is impossible to give notice upon the exercise of due diligence, notice given within a reasonable time after it is possible to do so will suffice: *Curran v. National Life Ins. Co.*, 251 Pa. 420, 432; *Heller v. Standard Accident Ins. Co.*, 118 Ohio St. 237, 243, 160 N. E. 707, 709; *Parker v. Farmers' Fire Ins. Co.*, 179 Mass. 528, 530, 61 N. E. 215, 216; *Woodmen Acc. Assn. v. Byers*, 62 Neb. 673, 680, 687, 87 N. W. 546, 549, 551. But where default is alleged, the burden is cast on the person claiming under the contract to prove that its terms and conditions have been met: *Butler Candy Co. v. Springfield Fire & Marine Ins. Co.*, 296 Pa. 552, 558; Restatement of Contracts, sec. 140.

Should the court or a jury determine whether notice was given as soon as it was feasible,* with the exercise of due diligence, under the circumstances? In considering this question, it is well settled that where there

---

* The condition in the instant case was that notice should be given "as soon as practicable" after the occurrence of an accident. As we said in *Joynes v. Penna. R. R. Co.*, 234 Pa. 321, 327, "practicable" means ". . . capable of being put into practice, done or accomplished; feasible. . . ." Or as the case of *Callaway v. Central Surety & Ins. Corp.*, 107 F. (2d) 761, 762, held, ". . . notice as soon as practicable meant notice within a reasonable time. . . ." See also, Words and Phrases, Permanent Edition, vol. 4, p. 331.

are extenuating facts, it is for the jury to say whether the delay was justifiable: *Hughes v. Central Accident Ins. Co.*, 222 Pa. 462, 465; *Curran v. National Life Ins. Co.*, supra, 430, 431. But, when the facts are not in dispute, and when there are no extenuating circumstances for a jury's consideration, the question is one for the court: *Butler Candy Co. v. Springfield Fire & Marine Ins. Co.*, supra, 559; *American Fire Ins. Co. v. Hazen*, 110 Pa. 530, 535; *Stoyer v. Franklin Fire Ins. Co.*, 114 Pa. Superior Ct. 555, 559; *Donnelly v. Metropolitan Life Ins. Co.*, 113 Pa. Superior Ct. 583, 586; *Parker v. Farmers' Fire Ins. Co.*, 179 Mass. 528, 531, 61 N. E. 215, 216. To apply these principles to the instant case, lack of knowledge was the only extenuating fact and since this is so, there was no question for the jury to pass upon, because such extenuating fact excuses delay as a matter of law, provided the insured is not guilty of lack of due diligence: *Cady v. Fidelity & Casualty Co.*, 134 Wis. 322, 328, 113 N. W. 967, 969; *Metropolitan Life Ins. Co. v. People's Trust Co.* 177 Ind. 578, 583, 584, 98 N. E. 513, 514, 515; *Continental Casualty Co. v. Lindsay*, 111 Va. 389, 390, 69 S. E. 344, 345. The facts not being in dispute, due diligence was a question to be determined by the court. This case, therefore, was wrongly submitted to a jury.

There is not a single fact, moreover, to indicate the exercise of due diligence on Prestera's part. He inflicted serious injuries upon plaintiff and his minor son as a result of the accident. Contracts of insurance like the present one are not uncommon, and the only person who would have such a policy would be the owner of the car. Under such circumstances, Prestera not only did not inquire concerning possible insurance, but he did not even report the accident to the owner, so that the latter might have an opportunity to inform him concerning any insurance. And this even in view of the fact that he spoke face to face with Campbell, and the mails and other forms of communication were at

all times open to him. Prestera simply did not choose to report the accident to the owner of the car. Clearly he did not exercise due diligence under the circumstances and it is a verdict against him that the insurance company is now asked to pay. The garnishee, therefore, should not be visited with the burden of indemnifying him, since he failed to comply with the condition of the contract: *Clements v. Preferred Acc. Ins. Co.,* 41 F. (2d) 470.

The judgment entered on the verdict in favor of plaintiff is reversed and judgment non obstante veredicto is here entered in favor of the garnishee.