DEPOT CAFE INC. *vs.* THE CENTURY INDEMNITY COMPANY.

Essex.    December 4, 1946. — April 8, 1947.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Insurance*, Notice, General liability insurance. *Notice. Time. Practice, Civil*, Question of law or fact.

What is a reasonable time is a question of law where the controlling facts are undisputed.

Noncompliance by the insured with a provision of a general liability insurance policy requiring him to give the company written notice of an accident "as soon as practicable" was shown as matter of law where it appeared that, without any extenuating circumstances, the insured delayed giving to the company written notice of an accident on his premises for forty-six days after he had learned of the accident

through receiving a letter from the attorney for a claimant; and the insured, having successfully defended an action by the claimant, was precluded from recovering his expense for counsel fees from the company by a further provision of the policy that no action should lie against the company "unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of the policy."

CONTRACT. Writ in the Superior Court dated June 27, 1945.

The action was tried before *Brogna*, J.

*W. W. Jump*, for the defendant, submitted a brief.

*S. Sandler*, for the plaintiff.

DOLAN, J. This action of contract is brought to recover legal expenses incurred by the plaintiff in defending an action of tort brought against it by one Burns. At the close of the plaintiff's evidence the defendant rested, and moved for a directed verdict in its favor which was denied by the judge, subject to the defendant's exception. The judge also refused to instruct the jury in accordance with the requests of the defendant, which excepted to that refusal. The jury returned a verdict for the plaintiff.

The jury could have found the following facts: The plaintiff was the insured under a public liability policy of insurance issued by the defendant. The terms of the policy, so far as here material, were as follows: "Clause 8. Notice of the accident. Upon the occurrence of an accident written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonable obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of all available witnesses. Clause 9. Notice of claim or suit. If claim is made or suit is brought against the insured the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative. . . . Clause 11. Action against the company. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of the policy,

nor until the amount of the insured's obligation to pay shall have been fully determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the company."

On August 28, 1944, James Thanos, president and manager of the plaintiff, received a letter from an attorney advising the plaintiff that he represented one Burns "who sustained serious personal injuries on or about October 16, 1942, while a patron on your premises due to the dangerous condition of your premises," and suggesting that the plaintiff refer the letter to its insurance company. That letter was the first notice Thanos had that an accident had occurred on the premises, although a bartender in the employ of the plaintiff was present and aware of the accident when it happened. Upon receipt of the letter Thanos telephoned to the lawyer who had written the letter and to the Mahoney Insurance Company in Gloucester, but he did not send the letter to the defendant or to the Mahoney Insurance Company. It appeared in the policy that one Morey was the agent of the defendant when it was issued. Morey died in 1942. His business was purchased by the Mahoney Insurance Company of Gloucester, and when "Mahoney bought Morey's insurance business, the policies Morey had placed in Century [the defendant] remained there until their expiration." There was a broker relation between Mahoney and the defendant. Thanos was served with a writ in the action of Burns which was dated October 13, 1944. At that time Thanos was confined to his home by illness. He telephoned, however, to the Mahoney Insurance Company, and its manager came to his house and took the "suit papers." On October 24, 1944, the defendant sent a letter to the plaintiff acknowledging the writ in the action of Burns (under full reservation of all rights under the policy in question), and stating that it was investigating the claim without waiving any of the policy provisions. On November 21, 1944, one Wiggin, an investigator for the defendant, "picked up the letter" dated August 28, 1944, from the desk of Thanos in his place of business. On November 22, 1944, the defendant wrote to the plaintiff in substance refusing to defend the

Burns action, because the accident occurred in 1942 and the plaintiff did not comply with the terms of the policy concerning the giving of notice thereof. In reply the plaintiff's counsel sent a letter, dated January 22, 1945, to the defendant, stating that due notice of the accident had been given as soon as the plaintiff had notice of it, that the plaintiff would hold the defendant liable under the policy, and that he, the plaintiff's counsel, would defend the Burns action. On May 12, 1945, counsel for the plaintiff notified the defendant in writing that he had defended the action, that it had been tried to a jury which returned a verdict for the defendant, the present plaintiff, and that he would submit his bill for services in the matter to the present defendant in accordance with the instructions of the plaintiff. On May 14, 1945, the bill for those services was rendered to the defendant, which on June 13, 1945, refused to pay.

Since we are of opinion that the defendant's motion for a directed verdict should have been granted, it is unnecessary to consider the defendant's exceptions to the refusal of the judge to instruct the jury in accordance with the defendant's requests.

In the matter of the defendant's motion for a directed verdict the decisive issue is whether, as matter of law, the judge was required to rule that notice in writing of the accident was not given by the plaintiff to the defendant as soon as practicable as required by the terms of the policy. As to this subject matter the jury would have been obliged to find that, although the plaintiff had knowledge of the accident on August 28, 1944, when Thanos received notice thereof from the attorney for Burns, between that time and the time when the writ in the action of Burns was delivered to the defendant's ostensible agent on October 13, 1944, the plaintiff had not given written notice to the defendant of the alleged occurrence of the accident.

The burden of establishing that written notice of the accident in question was given "as soon as practicable," as provided in clause 8 of the policy, rested upon the plaintiff. *Friedman* v. *Orient Ins. Co.* 278 Mass. 596, 599. See also

*Nichols* v. *Continental Ins. Co.* 265 Mass. 509, 511; *Hannuniemi* v. *Carruth*, 278 Mass. 230, 232. There is nothing in the evidence to warrant a finding that the defendant had waived any of the conditions of the policy. See *Rooney* v. *Maryland Casualty Co.* 184 Mass. 26, 28. Assuming for the purposes of the case that delivery of the writ by the plaintiff to the defendant's ostensible agent on October 13, 1944, amounted to written notice of the accident, it is necessary to decide whether the plaintiff's delay of approximately forty-six days in sending written notice of the accident to the defendant was a failure to comply with the conditions of the policy as matter of law.

In the consideration of what is a reasonable time the rule has been stated that "What is a reasonable time when the facts are not in dispute is a question of law to be decided by the court." *Mowles* v. *Boston Ins. Co.* 226 Mass. 426, 429. *Parker* v. *Middlesex Mutual Assurance Co.* 179 Mass. 528, 530–531. *Unverzagt* v. *Prestera*, 339 Pa. 141, 145. See also *Commissioner of Corporations & Taxation* v. *Malden*, *ante*, 46, 52, and cases cited. This rule, however, is explained in *Smith* v. *Scottish Union & National Ins. Co.* 200 Mass. 50, 53, where it is said, "The facts are of course in dispute, within the meaning of the rule . . . when, by reason of their complexity or because they do not upon their face require as matter of law an answer one way or the other as to the exercise of due diligence, this question must be decided by drawing an inference of fact from the primary facts shown." See also *Parker* v. *Middlesex Mutual Assurance Co.* 179 Mass. 528, 531–532; *Wilcox* v. *Massachusetts Protective Association, Inc.* 266 Mass. 230, 238.

In the present case the pertinent facts are not in dispute. The jury would have been obliged to find that, for a period of forty-six days after having received notice in writing of the occurrence of the accident in question from the attorney for Burns, the plaintiff did not forward that notice to the defendant and also did not give written notice of the occurrence of the accident (policy, clauses 8, 9) to the defendant. There is nothing in the evidence to show any

extenuating circumstances attendant upon that failure. No conflicting facts or conflicting inferences could have been found on the evidence by the jury. The undisputed facts show that the conditions of the policy were not complied with by the plaintiff. *Smith & Dove Manuf. Co.* v. *Travelers' Ins. Co.* 171 Mass. 357, 358. By the eleventh clause of the policy of insurance in question it is expressly provided that compliance with its terms is a condition precedent to the defendant's liability. We are of opinion on all the evidence that a ruling was required as matter of law that the notice of the accident required by the conditions of the policy was not given as therein provided "as soon as practicable," and that the plaintiff did not "immediately forward" to the defendant the written notice of the claim sent to the plaintiff by the attorney for Burns, that is, that the plaintiff did not act "with reasonable promptness." *Everson* v. *General Accident, Fire & Life Assurance Corp. Ltd.* 202 Mass. 169, 174. *Sheldon* v. *Bennett*, 282 Mass. 240, 246. *Baker* v. *Metropolitan Casualty Ins. Co.* 118 Conn. 147, 150. *Gifford* v. *New Amsterdam Casualty Co.* 216 Iowa, 23, 24–25. *Unverzagt* v. *Prestera*, 339 Pa. 141, 144. The failure of the plaintiff to comply with the conditions of the policy with respect to notice bars recovery. *Wilcox* v. *Metropolitan Life Ins. Co.* 304 Mass. 441, 442, 443, and cases cited.

The defendant's motion for a directed verdict should have been granted. *Smith* v. *Newburyport Marine Ins. Co.* 4 Mass. 668, 669. *Smith & Dove Manuf. Co.* v. *Travelers' Ins. Co.* 171 Mass. 357, 358. *Rooney* v. *Maryland Casualty Co.* 184 Mass. 26, 28. *McCarthy* v. *Rendle*, 230 Mass. 35, 38–39. *Wilcox* v. *Massachusetts Protective Association, Inc.* 266 Mass. 230, 237. *Friedman* v. *Orient Ins. Co.* 278 Mass. 596, 598–600. *Wilcox* v. *Metropolitan Life Ins. Co.* 304 Mass. 441, 442–443.

*Exceptions sustained.*
*Judgment for the defendant.*