# Melnick v. American Casualty Co. of Reading

*Waldron & Weitzman,* for plaintiff.
*John J. McDevitt, 3rd,* for defendant.

BOYLE, J., November 30, 1959.—This is an appeal by plaintiff from an order sustaining preliminary objections to his amended complaint and entering judgment for defendant.

The original complaint was filed September 16, 1958. On September 24, 1958, defendant filed preliminary objections to the complaint. On November 18, 1958, more than 10 days later, plaintiff, without obtaining leave of court and in violation of Pa. R. C. P. 1028 and

Pa. R. C. P. 1033, filed his amended complaint. On November 21, 1958, defendant filed preliminary objections to the amended complaint and also filed a motion to strike off the amended complaint.

The amended complaint avers that on April 21, 1955, defendant issued a policy of insurance covering plaintiff against loss by theft, mysterious disappearance, etc., and a copy of the policy is attached to the complaint, that on September 4, 1957, plaintiff sustained a loss of luggage with contents to the value of $1,965 by reason of the failure of National Airlines to return said luggage on his trip from New York, that said contents consisted of a mink stole of the value of $1,250, five men's suits of the value of $100 each, 25 ties of the value of $125 and two pairs of slacks of the value of $40 and in addition thereto a package of the value of $50 containing 14 jars of caviar, two bottles of wine and two bottles of vodka.

The complaint further avers that on June 4, 1958, plaintiff notified defendant's agent, William Lipshutz, by writing of said loss and that on May 9, 1958, he notified defendant by writing of said loss, that date of notice of June 4, 1958, to defendant's agent and notice of May 9, 1958, to defendant were the earliest practicable dates upon which he could have given notice by reason of the fact that the policy had been lost or misplaced and that he was unaware of the existence of it and that there was an oral waiver of the sending of notice, by reason of the fact that defendant's agent or representative negotiated with plaintiff for the value of the loss and no mention was made of the filing of the proof of loss too late.

Defendant filed preliminary objections to the amended complaint and assigned as reasons, inter alia: That plaintiff's amended complaint had disclosed that plaintiff failed to file proof of loss within 60 days after discovery of loss as required by the policy provision

and that the amended complaint did not set forth facts constituting a waiver of plaintiff's violations.

Since the preliminary objections to the amended complaint must be sustained and judgment entered for defendant, we shall not pass on defendant's motion to strike off the amended complaint.

The policy which is attached to the amended complaint provides that upon knowledge of the loss the insured shall give notice thereof as soon as practicable to the company or any of its authorized agents and shall file proof of loss with the company within 60 days after the discovery of the loss unless such time is extended in writing by the company.

Unless there is a reasonable excuse, the failure to give notice of loss for some eight or nine months after discovery of the loss constitutes an unreasonable delay as a matter of law: Unverzagt v. Prestera, 339 Pa. 141. The averment that the policy was lost or misplaced and its existence unknown to plaintiff does not operate to relieve plaintiff of his obligations under the policy: Ross v. Mayflower Drug Stores, Inc., 338 Pa. 211; Unverzagt v. Prestera, supra.

In any event the averments of the amended complaint establish a flagrant and unexcused failure to comply with the duty of submitting a proof of loss within 60 days after the loss was discovered. The alleged loss occurred September 4, 1957. Plaintiff was aware of the existence of the policy on May 9, 1958, on which date he avers that he notified defendant of the loss. Nevertheless he did not file a proof of loss until August 25, 1958. Thus, according to his own allegations there was a delay of 108 days between the discovery of the policy and the filing of the proof of loss.

The complaint merely avers in general terms that the agent of defendant negotiated with plaintiff for the value of the loss. Mere negotiations between the insurer and the insured who has not filed proof of loss

without any change in the position of the insured is not sufficient to establish a waiver of proof of loss: Gould v. Dwelling-House Ins. Co., 134 Pa. 570.

Where the insured without valid reason fails to comply with the requirements of the policy within a reasonable time, subsequent investigation or negotiation by the insurer does not effect a waiver of the provisions of the policy: Stoyer v. Franklin Fire Insurance Co., 114 Pa. Superior Ct. 555.

For the foregoing reasons defendant's preliminary objections to plaintiff's amended complaint were sustained and judgment was entered for defendant.