CLIFFORD CONSTRUCTION CO.
v.
LIBERTY MUTUAL INSURANCE

No. 8665

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

March 3, 1981

Thomas C. Cameron for the plaintiff.
James D. Casey, Allen Whitestone for the
  defendant.

Present: Cowdrey, P.J., Jodrey & Tiffany,
  J.J.

## OPINION

TIFFANY, J. This is an action in contract where the plaintiff seeks to recover the sum of $1,603.35, the amount expended in defense of a suit initiated against it by a third party and which the plaintiff says it was entitled to a defense by the insurance company defendant in accordance with the provisions of an insurance policy issued by the defendant.

There was a finding for the plaintiff in the trial court in the amount of $1,603.35 and the defendant is aggrieved by the denial of its Requests for Rulings of Law, eighteen in all.

The sole issue before this Division is the interpretation of a provision of the policy which states:

"Written notice shall be given by or for the insured to the company, or any of its authorized agents as soon as practicable. . . ."

A second provision requires the insured to:

"Immediately forward to the company any demand, notice, answers or other process received. . . ."

Since it is an axiom of law that what is a reasonable time is a question of fact, but where the basic facts are undisputed, it becomes a question of law. Parker v. Middlesex Assurance Company, 179 Mass. 528; Depot Cafe, Inc. v. Century Indemnity Company, 321 Mass. 220, the evidence as reported has a bearing on the case at bar. In July of 1969, plaintiff removed rubbish and debris from the premises of an Anna Ditson and on August 10, 1969, plaintiff was notified of a claim by Ditson that plaintiff had removed some valuables and claimed damages and instituted a suit in equity in the Superior Court. On the return day, October 6, 1969, the plaintiff, through its house counsel, filed an answer in behalf of the plaintiff and mailed a report of the Ditson claim, a copy of the service of the equity complaint and a copy of plaintiff's answer to the defendant. No further action was taken by anyone until August 30, 1976 — seven years later. At that time communications were reviewed between the plaintiff and defendant culminating in defendant's declination to defend plaintiff in the equity suit based on failure of plaintiff to comply with the notice provisions of the insurance contract.

The period of time that elapsed between the date of injury and notice to the insurer is important to cases of this nature. The underlying theory being of contract law and that courts should exercise judicial restraint in interfering with the freedom of private contracts where the intent of the parties is clear. In McCarthy v. Rendle, 230 Mass., 35, passage of twenty days

from injury to notice to the insurer cannot be used to deprive the insurer of his contractual right to notice. In Spooner v. General Accident Fire & Life Assurance Corporation, Ltd., ___ Mass. ___, (1979)[a] a period of twelve months and five days, the Court held that even with substantially less delay, notice of an accident given by an insured to his insurer does not constitute notice "as soon as practicable". The requirement of notice has been regarded as a condition of the contract of insurance and a breach of that condition, in the absence of estoppel or waiver, relieved the insurer of liability.

This Division is aware of the recent changes in the statutory law, G.L. c. 175, § 112, as relates to motor vehicle coverage and sets forth the legal proposition that prohibits an insurance carrier from denying coverage because of failure to give seasonable notice unless the insurer has been prejudiced thereby.

A careful review of all the cases, Depot Cafe, Inc. v. Century Indemnity, 321 Mass. 220 (forty days late); Morse v. Employers' Liability Assurance Corporation, Ltd., Mass. App. Dec. 323 N.E. 2nd, 769 (three and one-half months); Segal v. Aetna Casualty & Surety Co., 337 Mass. 185 (four months); Brachman v. American Employers' Insurance Co., 349 Mass. 767 (forty days); Romanos v. Home Insurance Co., 355 Mass. 449 (2 months) fully recites that the notice requirement was an aspect of contractual law between the parties.

The plaintiff urges us to recognize the recent trend to abolish the technical and procedural aspects of the denial of coverage in areas other than motor vehicle insurance and follow the principle of shifting the burden to the insurer to prove they have been materially prejudiced by virtue of the late notification. In this they have been clairvoyant, albeit premature. The Supreme Judicial Court, Hennessey, C.J., in Johnson Controls, Inc. v. Bowes, 409 N.E. 2nd 185, August 5, 1980, has adopted this radical incursion upon existing law and requires insurers, in futuro, to prove that breach of the notice provision resulted in prejudice to its position. In so doing, they have recognized the true nature of an insurance contract in that the conditions are dictated by the insurer to the insured and that any breach of the non-negotiable conditions by the insured would deny him coverage for a loss. However, in the instant case, this is of very little solace to the plaintiff as that decision is confined to claims arising after August 5, 1980.

In our opinion, it was prejudicial error to deny defendant's request for rulings 1, 4, 5, 6, 13, 15, 22 and 23.

The finding for the plaintiff should be reversed and judgment should be entered for the defendant.

So ordered.

Elliott T. Cowdrey, P.J.
H. Lawrence Jodrey, J.
Tiffany, J.