Lauriat, J.
Third-party defendant ISS International Services Systems, Inc. (“ISS”) has moved, pursuant to Mass.R.Civ.P. 14(a), to strike the third-party complaint of the defendant/third party plaintiff, R.M. Bradley (“Bradley”). For purposes of this decision, the court treats ISS’s motion as a motion for summary judgment.[1] Bradley has moved, pursuant to Mass.R.Civ.P. 56(c), for judgment as a matter of law in its favor on its claims against ISS.[2] For the following reasons, ISS’s Motion to Strike is allowed and Bradley’s Motion for Summary Judgment is denied.
BACKGROUND
On July 1, 1992, ISS, a provider of janitorial services, entered into a contract with the Massachusetts Port Authority (“Massport”) and the Commonwealth of Massachusetts Division of Capital Planning and Operations (“DCPO”),[3] pursuant to which ISS, as “the Contractor,” agreed to perform janitorial services at the State Transportation Building in Boston, Massachusetts. Massport, the “Building Manager” under the contract, assigned the contract to Bradley on August 17, 1992, effective September 1, 1992.
The plaintiff, Gustavo Zapata (“Zapata”), was an employee of ISS. On September 2, 1992, he was assigned to wash the walls in one of the offices of the State Transportation Building. This office contained a “tapmate,” a recessed outlet in the floor which was designed to accommodate electrical outlets and wires. The tapmate is usually covered by a plastic lid called a “tapmate cover,” which in turn is covered by carpet. Zapata used a ladder to wash the walls in the office. He climbed to the next-to-last rung on the ladder and began to wash the walls. He had placed the ladder over the tapmate, which did not have a cover. One leg of the tapmate punched through the carpet and into the tapmate, causing Zapata to be thrown to the floor and injured. ISS was not required to maintain or replace tapmate covers. Stipulation of Agreed Facts as between Third Party Plaintiff R.M. Bradley & Company and ISS Cleaning Services Group, Inc., ¶¶1-10. On March 10, 1995, Zapata brought suit against Massport and Bradley.
The ISS-Massport/Bradley contract contained a clause requiring ISS to indemnify “the Building Manager” for any claims and liabilities arising out of the ISS’s operations. The clause, the full text of which is set forth in the margin, also states that the Building Manager “shall give Contractor reasonable notice of any claim ... which in any way would result in a claim of indemnification . . .”[4]
On June 7, 1996, Bradley sent a certified letter to ISS informing it of Zapata’s suit against Bradley. On August 7, 1996, Bradley, as third-party plaintiff in the Zapata suit, brought an indemnification action against ISS.
DISCUSSION
Summary judgment must be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the party moving for summary judgment does not have the burden of proof at trial, it may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp. 410 Mass. 706, 716 (1991). “If the moving parly establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat a motion for summary judgment.” Pederson v. Time, Inc., 404 Mass. at 17. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
In ruling on a motion for summary judgment, the court must not consider the “credibility of the witnesses or the weight of the evidence, nor should the *577 [court] make findings of fact." Riley v. Presnell, 409 Mass. 239, 244 (1991), citing Attorney General v. Bailey, 386 Mass. 367, 370 (1982). However, “the movant is held to a stringent standard .. . [A]ny doubt as to the existence of a genuine issue of material fact will be resolved against the movant.” 10A C. Wright, A.R. Miller & M. Kane, Federal Practice and Procedure, §2727, at 125-125 (1983) (construing Fed. R. Civ. P. 56).
I.Reasonable Notice
ISS first asserts in its motion to strike the third-party complaint that Bradley failed to provide it with “reasonable notice” of the Zapata claim as required by the indemnification clause of the ISS-Massport/Bradley contract.
Numerous Massachusetts cases have found that notification of an insurer or indemnitor was, as a matter of law, untimely. See, e.g., Parker v. Middlesex Mut. Assur. Co., 179 Mass. 528 (1901) (eight-month delay); Powell v. Fireman’s Fund Ins. Companies, 26 Mass.App.Ct. 508 (1988) (five-month delay); Peters v. Saulinier, 351 Mass. 609 (1967) (nine-month delay); Cheschi v. Boston Edison Co., 39 Mass.App.Ct. 133 (1995) (more than two-year delay). However, the contracts in these cases contained much more precise language regarding timely notice than the contract in the instant case. See, e.g, Parker, 179 Mass. at 529 (requiring insured to provide notice of accident “forthwith”); Powell, 26 Mass.App.Ct. at 508 (insured required to give notice “as soon as practicable”); Cheschi, 39 Mass.App.Ct. at 140 (“prompt” notification required). Indeed, neither party has cited an analogous case where the phrase “reasonable notice” was employed.
“Reasonable notice” is indeed a more ambiguous term than, for example, “prompt notice.” And unlike the term “prompt,” the term “reasonable” has many non-temporal connotations. It could be argued, for example, that the phrase “reasonable notice” referred to the form of the notice, rather than its timeliness.
Nevertheless, in the circumstances of this case, the court concludes, as a matter of law, that Bradley’s notification of ISS was not reasonable. The earliest ISS received any notification regarding the Zapata suit was on June 7, 1996, about fifteen months after the suit was brought.[5] “What is a reasonable time is a question of fact, but where the basic facts are undisputed it becomes a question of law.” Parker v. Middlesex Mut. Assur. Co., 179 Mass. 528. Here, there is no real dispute that Bradley notified ISS well after the fact that indemnification might be required. Bradley’s failure to give reasonable notice relieves ISS from any obligation to indemnify Bradley, and ISS’s motion to strike the third-party complaint must be allowed on this basis.
II.Voidability Under G.L.c. 149, §29C
As a second ground for its motion to strike the third-party complaint, ISS claims that the indemnification provision violates G.L.c. 149, §29C. That statute reads:
Any provision for or in connection with a contract for construction, reconstruction, installation, alteration, remodeling, repair, demolition or maintenance work, including without limitation, excavation, backfilling or grading, on any building or structure, .. . which requires a subcontractor to indemnify any party for injury to persons or damage to property not caused by the subcontractor or its employees, agents or subcontractors, shall be void.
G.L.c. 149, §29C. (emphasis added). The indemnification clause in the instant case obligates ISS to indemnify Bradley for costs “arising out of or in any way related to Contractor’s operations and/or Contractor’s failure to perform any or all of the covenants of the Contract under any circumstances except when caused by [Bradley or the DCPO’s] sole negligence of [sic] by the joint negligence of [Bradley and the DCPO] and any person other than Contractor ...” (Contract, Article 6) (emphasis added).
If the indemnification provision purports to hold ISS responsible regardless of whether it caused an injury, then the clause violates G.L.c. 149, §29C. The clause in question, "arising out of or in any way related to Contractor’s operations,” is similar to the phrase “arising out of or in consequence of the performance of the Subcontractor’s work” found in an indemnification clause examined by the Court in M. DeMatteo Construction Co. v. A.C. Dellovade, Inc., 39 Mass.App.Ct. 1, 4 (1995). The Court found that the language in DeMatteo did not run afoul of the statute, and that holding applies here. The indemnification clause requires ISS to indemnify Bradley only for ISS’s own actions or failures. See Id. at 3; see also Harnois v. Quannapowitt Dev., Inc., 35 Mass.App.Ct. at 286-88 (treating phrase “arising out of or in connection with the work” as meaning causation).
Thus, ISS’s motion to strike the third-party complaint cannot be granted on this basis.
III.Failure of Complaint to Allege Causal Connection
Finally, ISS argues that even if the indemnification clause passes muster under G.L.c. 149, §29C, the complaint fails to allege any connection between ISS’s actions and Zapata’s injury. ISS asserts that its duties included only cleaning, and that Zapata’s injury in no sense arose from these duties.
Bradley’s complaint alleges Zapata’s injuries “arose out of or [were] in some way related to the performance of [ISS’s] obligations undertaken pursuant to the ‘Janitorial Services Contract’ or its operations thereunder or as a result of the joint negligence [of ISS and Bradley].” However, in the Stipulation of Agreed Facts as between Third Party Plaintiff R.M. Bradley & Company and ISS Cleaning Services Group, Inc., ¶10, the parties agree that ISS was not required to maintain or *578 replace tapmate covers. The Stipulation also makes it clear that Zapata was injured because his ladder was placed over a hidden tapmate which had no cover.
Further, the contract between the parties, which defines ISS’s duties, makes no reference to tapmates or electrical operations. In sum, nothing in the record indicates any causal connection between ISS’s cleaning duties and Zapata’s injuries.
Thus, ISS’s motion to strike the third-party complaint may also be granted on this basis.
ORDER
For the foregoing reasons, Third Party Defendant ISS International Service System, Inc.’s Motion to Strike Third Party Complaint is ALLOWED, and Third Party Plaintiffs Motion for Summary Judgment is DENIED.

The parties have submitted a Stipulation of Agreed Facts as between Third Party Plaintiff R.M. Bradley & Company and ISS Cleaning Services Group, Inc. Additionally, the court has considered the contract between the parties. As these documents go beyond the pleadings,. ISS’s motion is properly viewed as one for summary judgment. Mass.RCiv.P. 12.

In support of its motion, Bradley relies upon its Memorandum in Opposition to Motion to Strike Third Party Complaint and its Supplemental Memorandum of Law in Opposition to Third Party Defendant’s Motion to Strike Third Party Complaint.

DCPO is not a party to this action.

The text of the contract clause states:
B. In addition, and to the extent that Building Manager or the division is not held fully harmless by the provisions or policies of liability insurance carried by Contractor, Contractor will defend, indemnify and hold harmless Building Manager and the Division from and against all claims, causes of action, suits, losses, damages, liabilities and expenses including, but in no way limited to, cost of suit and attorneys fees arising out of or in any way related to Contractor’s operations and/or Contractor’s failure to perform any or all of the covenants of the Contract under any circumstances except when caused by Building Manager’s or the Division’s sole negligence of [sic] by the joint negligence of the Building Manager and the Division and any person other than Contractor, and the coverage of this Article shall include without limitation thereto, damage to property, personal injuries and injuries resulting in death. Building Manager shall give Contractor reasonable notice of any claim made or suit instituted against Building Manager or the Division which in any way would result in a claim of indemnification hereunder. Contractor shall have the right to compromise or participate in the defense of the same to the extent of its own interests.
(Emphasis added.)

Bradley contends, in its Supplemental Memorandum, that ISS actually received notice of the suit in March 1995. According to the Supplemental Memorandum and an attached affidavit, Bradley employee Michael Rota in March 1995 became aware of the Zapata’s complaint and had a brief conversation with ISS employee Don Mathieson about it. The court finds as a matter of law that this brief, vague conversation was insufficient to constitute notice by Bradley to ISS.