HARTSELL v. INTEGON INDEMNITY CORP.

[126 N.C. App. 511 (1997)]

ANDREW THOMAS HARTSELL, Plaintiff-Appellant v. INTEGON INDEMNITY
CORPORATION, Defendant-Appellee

No. COA96-841

(Filed 17 June 1997)

**Insurance § 472 (NCI4th)— leased vehicle—destruction by
fire—payment of insurance proceeds to lessor**

The trial court did not err in dismissing plaintiff insured's
claim for the value of his leased vehicle, which was insured by
defendant, where the vehicle was destroyed by fire and defend-
ant paid the named loss payee, a leasing company, for the value
of the vehicle. Even if plaintiff had an ownership interest in the
leased vehicle, defendant fulfilled its contractual duty to pay the
insurance proceeds by paying the leasing company as loss payee
pursuant to its policy.

**Am Jur 2d, Automobile Insurance §§ 18, 19, 21.**

**Liability insurance—Insurable interest. 1 ALR3d 1198.**

Judge GREENE dissenting.

Appeal by plaintiff from order entered 16 October 1995 by Judge
E. Lynn Johnson in Moore County Superior Court. Heard in the Court
of Appeals 1 April 1997.

*Brown & Robbins, L.L.P., by P. Wayne Robbins and Carol M.
White, for plaintiff-appellant.*

*Kitchin, Neal, Webb & Futrell, P.A., by Stephan R. Futrell, for
defendant-appellee.*

WYNN, Judge.

Andrew T. Hartsell leased a 1992 Honda Accord through
Wachovia Auto Leasing Company ("Wachovia") in October 1991, for a
period of forty-eight months. He purchased insurance for the vehicle
from Integon Indemnity Corporation ("Integon").

In March 1992, Mr. Hartsell reported that the Honda had been
stolen. The next day, the Moore County Sheriff's Department found
the vehicle totally destroyed by fire. Mr. Hartsell reported the theft
and fire to Integon; but nonetheless, he continued to make the lease
payments to Wachovia throughout the term of the lease.

HARTSELL v. INTEGON INDEMNITY CORP.

[126 N.C. App. 511 (1997)]

In May 1992, Mr. Hartsell sued Integon seeking insurance proceeds for the value of the car and his personal property in the car. The trial court dismissed Mr. Hartsell's claim for the value of the car stating: "[Integon] has paid the 'actual cash value' of the insured vehicle to the named Loss Payee, Wachovia Auto Leasing, and therefore, [Mr. Hartsell] has no ownership interest, direct or indirect, in the vehicle at issue." Subsequently, Mr. Hartsell voluntarily dismissed his personal property claim and appealed from the trial court's dismissal of his claim for the value of the car.

The issue on appeal is whether the trial court erred by dismissing Mr. Hartsell's claim for the value of the car because for purposes of insurance coverage, he had no "ownership interest" in the burned vehicle. Mr. Hartsell does not dispute that Wachovia holds title to the Honda; rather he contends that the following language in his insurance policy allows him to claim insurance benefits as an owner of the leased vehicle:

For purposes of this policy, a private passenger type auto shall be deemed to be owned by a person if leased:

1.  Under a written agreement to that person, and

2.  For a continuous period of at least 6 months.

Mr. Hartsell further contends that even though the trial court found that the policy listed Wachovia Auto Leasing as the loss payee, the loss or damage under the policy was to be paid "as interest may appear to you [the insured] and the loss payee."

Even if we assume for the sake of argument that Mr. Hartsell has an ownership interest in the vehicle, we nonetheless affirm the trial court's decision to grant Integon's motion for summary judgment.

"A loss payable clause names the payee of the insurance proceeds." *Cherokee Ins. Co. v. KoeNenn*, 536 F.2d 585, 589 n.5 (5th Cir. 1976). "It is well established that where one of several parties collects the total proceeds of an insurance policy, payable 'as interest may appear,' he may be compelled to account for such portion which exceeds his interest, to the other person or persons interested in the insurance." *In re Huselton's Estate*, 237 N.Y.S. 531, 532 (1929) (citations omitted). *See also* 5A John A. Appleman & Jean Appleman, *Insurance Law and Practice* § 3335 at 150 (1970) (the loss payee "must account for the portion exceeding his interest to the other beneficiaries.").

HARTSELL v. INTEGON INDEMNITY CORP.

[126 N.C. App. 511 (1997)]

In this case, the trial court found that Integon fulfilled its contractual duty by paying the insurance proceeds to Wachovia, the party so designated. The fact that plaintiff made continued lease payments is a contractual matter with Wachovia; Integon insured the Honda, not the lease agreement. Having paid Wachovia, the loss payee, the value of the vehicle, Integon fulfilled its obligation under the insurance policy covering the subject vehicle. Accordingly, the order of the trial court dismissing Mr. Hartsell's claim is,

Affirmed.

Judge TIMMONS-GOODSON concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

The plaintiff leased a vehicle on 21 October 1991 for forty-eight months and purchased an insurance policy from the defendant. That policy provided full coverage for the loss sustained in this case. The plaintiff paid the premiums due on the policy and was listed as the named insured in the policy. The policy contains a "Loss Payable Clause" which reads in pertinent part: "Loss or damage under this policy shall be paid as interest may appear to you and the loss payee shown in the declarations." Wachovia Auto Leasing Co. of N.C. (Wachovia), the owner of the vehicle, was listed as the loss payee.

On 7 March 1992 the vehicle was stolen and it was recovered on 8 March 1992, after it had been destroyed by fire. After the loss the plaintiff continued to make payments for the full duration of the lease, for a total payment of $17,400. The plaintiff filed a claim with the defendant who denied the claim and paid the entire "actual cash value" of the insured vehicle to Wachovia. The plaintiff did not receive any proceeds and the trial court dismissed his complaint seeking a recovery.

The defendant was authorized by the policy to pay proceeds to Wachovia, the loss payee, only to the extent Wachovia had an interest in the insured vehicle. The plaintiff is entitled to insurance proceeds to the extent of his interest in the vehicle. It does not follow that making Wachovia liable to the plaintiff for any overpayments (beyond Wachovia's interest) received from the defendant absolves the defendant from its obligation to make payments consistent with its

policy provisions. To so hold would permit insurance companies to ignore the "as interest may appear" language in their own policies, make payments to the named loss payee with impunity and relegate the named insured to a claim for which there may be no remedy (proceeds may have been dissipated by loss payee).

Because there is a dispute on this record with regard to the respective parties "interest" in the vehicle, I would reverse the entry of summary judgment for the defendant and remand this case for determination of that "interest."[1] *See Trust Co. v. Insurance Co.*, 44 N.C. App. 414, 421, 261 S.E.2d 242, 246 (1980) (summary judgment improper where dispute as to whether plaintiff was a loss payee under policy of insurance). The defendant shall be liable to the plaintiff, under the policy, to the extent of his "interest" in the vehicle as of the date of the loss.

I would reverse the trial court and remand.

---

1. I note that the majority assumes the plaintiff "has an ownership interest in the vehicle." Such an assumption is not necessary to my resolution of this case as I believe the plaintiff did have an insurable interest within the meaning of the policy of insurance. At the time of the loss, the plaintiff had a leasehold interest (under the terms of the lease) (with some 42 months remaining on the lease) and an ownership interest (under the terms of the policy) in the vehicle. The policy specifically provides that a vehicle leased for "a continuous period of at least 6 months" is "owned" within the meaning of the policy. In this case, the plaintiff had a forty-eight month lease on the vehicle, well in excess of the six month policy provision.