Burgess v. Vitola, 2008 NCBC 7

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF BUNCOMBE | 07 CVS 4679 |

CHARLES BURGESS,

        Plaintiff,

        v.

RALPH VITOLA, JOHN D. McMAHON, MICHAEL HANSON, ANTHONY McLAUGHIN,  GEORGE E. FRANCISCO, JOHN CAUDILL, EDWARD P. SHAUGHNESSY, LARRY E. BUCHANAN, KIM MICHAEL CULLEN, PHILLIP DEBERARD, DAVID P. HILL, WILLIAM WEST, DDS, STEPHANIE McGANN, CRAIG Q. ADAMS, EDWARD J. LEE, NEAL VAVRA, MARVIN SONNE, JASON MORGAN, JEFFREY INGBER, MICHAEL SINGLETON, MONA ENTEZAM, KATHLEEN ABATE, THOMAS D. JACKSON, JAY AUGENSTEIN, KISHOR KULKARNI, RICO GATTI, JR., DAVID W. SINGER, KENNETH FORDHAM, and KIRK WILKIE,

        Defendants.

ORDER & OPINION

*Charles Burgess, Plaintiff, pro se.*

*Mona Entezam, Defendant, pro se.*

Diaz, Judge.

I.

STATEMENT OF THE CASE

{1} Before the Court[1] are the following motions: (1) Defendant Mona Entezam's Motion to Dismiss Plaintiff's Complaint for lack of personal jurisdiction; and (2) Plaintiff's Motion to Strike.

{2} Defendant Mona Entezam ("Entezam") asserts she has no contacts with North Carolina sufficient to require her to defend against Plaintiff's claims in this State.[2]

{3} Entezam further contends in a separate Answer and Counterclaim that Plaintiff Charles Burgess ("Burgess") attempted to extort money from her, and maliciously filed this suit when she failed to comply with his demand. (Entezam Countercl. ¶¶ 1–2.)

{4} Burgess has moved to strike Entezam's filings, on the ground that they were prepared and submitted by a person not licensed to practice law in North Carolina.

{5} Pursuant to Rule 15.4 of the General Rules of Practice and Procedure for the North Carolina Business Court, the Court decides the motions without a hearing.

{6} After considering the Court file, the motions, briefs, and submissions of the parties, the Court **DENIES** Burgess' Motion to Strike and defers ruling on Entezam's Motion to Dismiss.

II.

THE FACTS

A.

PLAINTIFF'S CLAIMS

{7} Burgess filed his *pro se* Complaint on 19 September 2007.

{8} The Complaint alleges that Defendants, including Entezam, "collectively and individually have hired or employed some Internet firm" to plant "a

---

[1] This matter was transferred to the North Carolina Business Court on 26 October 2007 and subsequently assigned to me.

[2] Entezam has not requested permission to electronically file her papers with the Business Court. *See* BCR 4.2 (2006).

bug or virus or worm" on Burgess' computer, thus damaging the computer and invading his property. (Compl. ¶¶ 31–32.)

{9}     More accurately, however, Burgess' chief complaint is that the commercial websites of Entezam and the other Defendants found their way onto his computer without (Burgess asserts) his authority or permission.[3]

B.

ENTEZAM'S FILINGS

{10}     Entezam contends this Court lacks personal jurisdiction over her because she lives in California and has no contacts with North Carolina. (Entezam Mot. Dismiss 2.)

{11}     According to Entezam, she operates a dental practice in Los Angeles County, California that has no connection to North Carolina. Entezam further asserts she never intended to conduct business in North Carolina, and therefore never advertised her dental services in this State. (Entezam Mot. Dismiss 2.)

{12}     Entezam, however, has not filed an affidavit attesting to these facts. Instead, she states only that her Motion is "[e]xecuted under penalty of perjury." (Entezam Mot. Dismiss 2.)

{13}     Entezam has also filed a Counterclaim alleging fraud and malicious prosecution. According to Entezam, Burgess attempted to extort money from her in settlement of Plaintiff's claim and, when she refused, he maliciously filed his "fraudulent" claim against her. (Entezam Countercl. ¶¶ 1–2.)

C.

PLAINTIFF'S MOTION TO STRIKE

---

[3] On 26 February 2008, the Court dismissed Burgess' Complaint against sixteen of the Defendants for lack of personal jurisdiction. As to these Defendants (all of whom operate dental or law practices far removed from North Carolina), Burgess failed to establish that Defendants had a sufficient nexus with North Carolina so as to require them to defend against Plaintiff's claims in this State. *Burgess v. Vitola,* 2008 NCBC 4 ¶¶ 88–104 (N.C. Super. Ct. Feb. 26, 2008) (order on motions to dismiss for lack of personal jurisdiction), http://www.ncbusinesscourt.net/ opinions/2008%20ncbc%204.pdf.

{14}     Burgess has moved to strike Entezam's filings, on the ground that they were prepared and submitted by a person not licensed to practice law in North Carolina.

{15}     According to Burgess' unsworn papers, Entezam's husband, Gerald Silver ("Silver"), called Burgess following receipt of Burgess' demand letter.  (Mot. Strike 2.)  Burgess alleges that, during this phone conversation, Silver identified himself as an attorney and threatened Burgess with various sanctions if he did not drop his lawsuit.  (Mot. Strike 2.)

{16}     When he refused to comply with Silver's request, Burgess contends Silver drafted and submitted Entezam's Answer and Counterclaim as well as the Motion to Dismiss.  (Mot. Strike 2.)

{17}     In support of this contention, Burgess points to a header on the first page of each of Entezam's filings reciting the following:

> Mona Entezam
> c/o Gerald N. Silver
> 7100 Hayvenhurst Avenue
> Penthouse Suite C
> Van Nuys, California 91406-3804
> Telephone (818) 994-6908
> Facsimile (818) 994-1403

(Mot. Strike 2.)

{18}     Entezam's filings also include a detailed proof of service document signed by a Donna J. Regan, who states that her business address is the same as that of Silver.

{19}     Additionally, Entezam's filings were prepared on what is known as "ruled and numbered" pleading paper, meaning paper containing lined margins on both sides and numbering of each line along the left margin.[4]

---

[4] A representative sample of this pleading paper is found at http://www.uslegalforms.com/paper/ capleading.doc.  Pursuant to North Carolina Rule of Evidence 201(b) and (c), the Court takes judicial notice of Local Rule 11-3.2 of the United States District Court for the Central District of California, which encompasses the federal district where Silver's office is located.  *See Pos-A-Traction, Inc. v. Kelly-Springfield Tire Co.,* 112 F. Supp. 2d 1178, 1184 n.3 (C.D. Cal. 1999) (taking judicial notice of

{20}     Entezam admits she received help with her filings from "a friend (not [her] husband), who is an attorney." (Opp'n Mot. Strike 2.) According to Entezam, "Silver is an attorney practicing in California who merely assisted me in preparation of documents in legal form and he is not practicing law before this court and is not my attorney in this action." (Opp'n Mot. Strike 2.) Entezam states further that "[t]he Answer and Counterclaim were prepared by me and simply mailed from Mr. Silver's office, as I wanted to make sure that it was correctly and timely filed." (Opp'n Mot. Strike 2.)

{21}     The Court takes judicial notice of the following facts: (1) the State Bar of California's online records reflect that a Gerald Neil Silver (Bar No. 73736) is an active member of the California Bar, with an office located at 7100 Hayvenhurst Ave., Ph C, Van Nuys, CA 91406-3804;[5] and (2) online records maintained by the North Carolina State Bar do not reflect that Gerald Neil Silver is a licensed North Carolina attorney.[6] *See City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223 n.2 (9th Cir. 2004) (stating that a court may take judicial notice of a record of a state agency not subject to reasonable dispute).

III.

LEGAL PRINCIPLES

A.

UNAUTHORIZED PRACTICE OF LAW

{22}     "In North Carolina only licensed attorneys may engage in the practice of law." *In re Lazurus,* No. 05-80274C-7D, 2005 Bankr. LEXIS 1093, at *8 (Bankr. M.D.N.C. Mar. 14, 2005) (citing N.C. Gen. Stat. § 84-4 (2005)).

{23}     Under section 84-2.1 of the North Carolina General Statutes, the practice of law in North Carolina is defined broadly to include:

---

local state court rule). The Court notes that this local rule requires the use of "ruled and numbered" pleading paper for filings in that federal district court. C.D. Cal. Loc. R. 11-3.2

[5] *See* http://members.calbar.ca.gov/search/member_detail.aspx?x=73736.

[6] *See* http://www.ncbar.gov/members/member_search_results.asp?callID=1.

performing *any* legal service for any other person, firm or corporation, with or without compensation, specifically including the preparation or aiding in the preparation of deeds, mortgages, wills, trust instruments, inventories, accounts or reports of guardians, trustees, administrators or executors, or *preparing or aiding in the preparation of any petitions or orders in any probate or court proceeding*; abstracting or passing upon titles, *the preparation and filing of petitions for use in any court*, including administrative tribunals and other judicial or quasi-judicial bodies, *or assisting by advice, counsel, or otherwise in any legal work*; and to advise or give opinion upon the legal rights of any person, firm or corporation: Provided, that the above reference to particular acts which are specifically included within the definition of the phrase "practice law" shall not be construed to limit the foregoing general definition of the term, but shall be construed to include the foregoing particular acts, as well as all other acts within the general definition.

N.C. Gen. Stat. § 84-2.1 (2007) (emphasis added).

{24} The North Carolina Rules of Professional Conduct ("the Rules") govern the professional responsibilities of lawyers authorized to practice law in this State. Pursuant to the Rules, the North Carolina State Bar has previously determined that an attorney licensed to practice law in North Carolina may provide advice to *pro se* litigants in a North Carolina court proceeding. *See* North Carolina State Bar, RPC 114 (July 12, 1991). "In so doing an attorney may provide assistance in the drafting of legal documents, including pleadings. When an attorney provides such drafting assistance, the Rules of Professional Conduct do not require the attorney to make an appearance as counsel of record." *Id.*

{25} Nevertheless, a lawyer who is not licensed to practice in this State, and who wishes to assist a party in a North Carolina court proceeding, may not look to the Rules for guidance. Rather, he must comply with the requirements of North Carolina law authorizing the limited *pro hac vice* admission of foreign attorneys for a specific proceeding. *See* N.C. Gen. Stat. § 84-4.1 (setting forth the requirements for limited *pro hac vice* admission of out-of-state attorneys).

{26} In North Carolina, engaging in the unauthorized practice of law is a Class 1 misdemeanor. *See id.* §§ 84-4, 84-8.

B.

PERSONAL JURISDICTION

{27}    Once a defendant challenges personal jurisdiction, the plaintiff has the burden of proving *prima facie* that a basis for jurisdiction exists. *Wyatt v. Walt Disney World, Co.*, 151 N.C. App. 158, 162, 565 S.E.2d 705, 708 (2002) (citation omitted). Nevertheless, where the allegations of a plaintiff's complaint meet his initial burden of proving the existence of jurisdiction, and where the defendant does not contradict such allegations, they are accepted as true and deemed controlling. *Id.* at 163, 565 S.E.2d at 708 (citations omitted).

{28}    However, when a defendant supplements his motion with *affidavits* or other supporting evidence, the allegations of the plaintiff's complaint "'can no longer be taken as true or controlling and [the plaintiff] cannot rest on the allegations of the complaint,' but must respond 'by *affidavit* or otherwise . . . setting forth specific facts showing that the court has jurisdiction.'" *Id.* (emphasis added) (quoting *Bruggeman v. Meditrust Acquisition Co.*, 138 N.C. App. 612, 615–16, 532 S.E.2d 215, 218 (2000)).

IV.

ANALYSIS

A.

MOTION TO STRIKE

{29}    Burgess contends the Court should strike Entezam's filings in this case because they were prepared and submitted by someone not authorized to practice law in this State.

{30}    Entezam admits that Silver assisted her in preparing her filings with this Court, but she denies that Silver's help amounts to practicing law in North Carolina.

{31}    While the Court concludes that Silver has engaged in the unauthorized practice of law, it will **DENY** Plaintiff's Motion to Strike.

{32}    The practice of law in North Carolina is defined broadly to include "performing any legal service for any other person . . . with or without

compensation." N.C. Gen. Stat. § 84-2.1. Among other things, the statute prohibits "the preparation and filing of petitions for use in any court, including administrative tribunals and other judicial or quasi-judicial bodies" by an attorney not licensed in this State. *Id.*

{33} An attorney licensed in North Carolina may draft pleadings on behalf of a *pro se* party in a state court proceeding without making an appearance as counsel of record. *See* North Carolina State Bar, RPC 114 (July 12, 1991).

{34} No such privilege, however, is afforded an out-of-state attorney unless he complies with the requirements of section 84-4.1 of the North Carolina General Statutes governing the *pro hac vice* admission of foreign attorneys. To hold otherwise would allow attorneys not licensed or admitted to practice in North Carolina to circumvent this State's requirements for *pro hac vice* admission.

{35} The record here shows that Silver is a California attorney who is not licensed to practice law in North Carolina.

{36} Additionally, Entezam admits that Silver assisted her in preparing and submitting her filings in this case. The record supports that admission; indeed, it strongly suggests that Silver drafted Entezam's pleadings.

{37} Entezam readily concedes that she is a dentist practicing in California and is not a lawyer. (Opp'n Mot. Strike 2.) Despite this, her Answer (which appears on specialized pleading paper containing Silver's business address and phone/fax numbers) competently admits, denies, or pleads lack of sufficient information as to Burgess' allegations.

{38} Entezam's Answer (as well as her separate Motion to Dismiss) also asserts an affirmative defense based on lack of personal jurisdiction, citing both the relevant North Carolina Rule of Civil Procedure and the applicable "minimum contacts" jurisdictional test. These concepts, while well known to most lawyers, are not normally part of the dental school curriculum.

{39} Moreover, although not a model pleading, Entezam's Counterclaim sets out two separate bases for relief (even if it mistakenly cites to North Carolina's Unfair and Deceptive Trade Practices Act as a basis for recovering attorney fees)

and ends with a flourish by making a specific demand for a jury trial and attaching a detailed proof of service, replete with the kind of legalese only a lawyer could love.

{40}    In any event, Entezam's attempt to split hairs on the breadth of Silver's involvement in this case is unavailing.  Regardless of whether Silver drafted Entezam's filings outright or merely assisted in their preparation, such action falls within the broad purview of the practice of law as defined by North Carolina law. N.C. Gen. Stat. § 84-2.1; *see also State Treasurer v. Jackson*, 532 N.W.2d 538, 539 (Mich. 1995) (holding that two attorneys licensed in Illinois who had "assisted" in writing briefs without being admitted *pro hac vice* in Michigan were engaged in the unauthorized practice of law).

{41}    That said, the Court has no authority to sanction Silver because he has not formally "appeared" in this case.  *See In re Smith,* 301 N.C. 621, 633, 272 S.E.2d 834, 842 (1981) (holding that, where an out-of-state attorney was never properly admitted *pro hac vice* in North Carolina, a trial court had no jurisdiction to hold the attorney in contempt for failing to appear as counsel); *see also ADi Motorsports, Inc. v. Hubman,* No. 4:06CV00038, 2006 U.S. Dist. LEXIS 85479, at *17 (W.D. Va. Nov. 27, 2006) (stating that the court had no authority to discipline an attorney for ghost-writing papers filed by a *pro se* defendant); *cf. Egelhof v. Szulik*, 2008 NCBC 2 ¶ 3 (N.C. Super. Ct. Feb. 4, 2008), http://www.ncbusinesscourt.net/opinions/020408%20 Egelhof%20Order.pdf (indicating that because two attorneys appeared and argued a motion and a third defended a client's deposition in the matter, the Court had jurisdiction to sanction them).

{42}    As for Entezam, the Court declines to strike her filings because "to do so would unfairly penalize the [defendant] for the conduct of [her] attorney." *Crosby v. United States*, No. 2:93cr163, 2005 U.S. Dist. LEXIS 37061, at *8 (E.D. Va. June 22, 2005) (refusing to strike briefs that were ghost-written by counsel not properly admitted to the bar of the court).

{43}    Entezam, however, shall not be allowed to submit further filings in this case unless and until she (1) files an affidavit averring that she intends to proceed *pro se* in this case and will not seek the assistance of another in preparing

and filing papers unless that person is a North Carolina attorney or has been admitted *pro hac vice* pursuant to section 84-4.1 of the North Carolina General Statutes; or (2) provides the Court with the name and address of a duly licensed North Carolina attorney whom she has retained to represent her.  Entezam shall have thirty (30) days from the date of entry of the Court's Order to comply with these requirements.

{44}    Thereafter, the Court will set a deadline by which Burgess shall respond to Entezam's counterclaims.

{45}    The Court will also forward copies of this Order to the North Carolina and California State Bars for whatever action they deem appropriate as to Silver.

B.

MOTION TO DISMISS

{46}    In her Motion to Dismiss, Entezam denies, "under penalty of perjury," any contacts or activity involving Burgess or North Carolina that would subject her to this Court's jurisdiction.[7]

{47}    The relevant inquiry here is whether Entezam's proclamation that she is signing the Motion to Dismiss as an affidavit, "executed under penalty of perjury," is sufficient to qualify the motion as an affidavit.  If so (and for the reasons explained in the Court's 26 February 2008 Order in this case), Burgess has failed to meet his burden of responding to Entezam's Motion denying the material facts related to personal jurisdiction.

{48}    In North Carolina, an affidavit must be signed and its contents sworn to by the affiant.  *See Waters v. Wilson*, No. COA06-1702, 2007 N.C. App. LEXIS 2429, at \*11 (N.C. Ct. App. Dec. 4, 2007) (indicating that the court should have considered a signed, sworn affidavit in ruling on a summary judgment motion, absent a valid reason for exclusion).

---

[7] That Entezam also seeks affirmative relief in this Court is not fatal to her Motion to Dismiss for lack of personal jurisdiction.  *See Bayou Steel Corp. v. M/V Amstelvoorn*, 809 F.2d 1147, 1149 (5th Cir. 1987) (holding that "the filing of a counter-claim, cross-claim, or third-party demand does not operate as a waiver of an objection to jurisdiction").

{49} While the Court recognizes Entezam's intent to swear to the allegations contained in her Motion to Dismiss, it is not satisfied that executing the document "under penalty of perjury" transforms it into a proper affidavit.

{50} The Court notes that, in federal court proceedings, written declarations made under penalty of perjury are permissible in lieu of a sworn affidavit subscribed to before a notary public. *See* 28 U.S.C. § 1746 (2006) (stating that an unsworn declaration under penalty of perjury has the same "force and effect" as an affidavit).

{51} The Court has found no case, however, extending the application of this statute to North Carolina state court proceedings. To the contrary, the North Carolina cases uniformly demand strict compliance with the requirement that an affidavit be properly sworn. *See First Citizens Bank & Trust Co. v. Nw. Ins. Co.*, 44 N.C. App. 414, 420, 261 S.E.2d 242, 246 (1980) (indicating that any portion of an affidavit which is unsworn should be disregarded); *Short v. City of Greensboro*, 15 N.C. App. 135, 138, 189 S.E.2d 560, 562 (1972) (holding that an unsworn letter does not meet the requirements of an affidavit); *see also Barnhouse v. Am. Express Fin. Advisors, Inc.*, 151 N.C. App. 507, 512, 566 S.E.2d 130, 134 (2002) (Greene, J., dissenting) (refusing to treat a memorandum as an affidavit because, among other things, it was not sworn to).

{52} As a result, the Court declines to recognize a document as a proper affidavit where, as here, its contents were not sworn to by the affiant.

{53} Nevertheless, the Court has previously dismissed Burgess' claims against sixteen other Defendants in this case because they lacked sufficient contacts with North Carolina to support personal jurisdiction. In that regard, the allegations set out in Entezam's declaration (if unrebutted) suggest that she too should not be required to defend this litigation in North Carolina.

{54} Accordingly, the Court will grant Entezam additional time to file a proper affidavit with the Court, but only after she complies with the requirements of paragraph 43 of this Order.

{55}     The Court will thereafter establish deadlines for Entezam to file a proper affidavit, and for Burgess to respond to any such filing.

V.

CONCLUSION

{56}     The Court **DENIES** Burgess' Motion to Strike.

{57}     Within thirty (30) days of the entry of this Order, Entezam shall (1) file an affidavit averring that she intends to proceed *pro se* in this case and will not seek the assistance of another in preparing and filing papers unless that person is a North Carolina attorney or has been admitted *pro hac vice* pursuant to section 84-4.1 of the North Carolina General Statutes; or (2) provide the Court with the name and address of a duly licensed North Carolina attorney whom she has retained to represent her.  Entezam shall file no further papers with the Court until she complies with these requirements.

{58}     The Court defers ruling on Entezam's Motion to Dismiss.  The Court will grant Entezam additional time to file a proper affidavit with the Court in support of her Motion to Dismiss, but only after Entezam complies with the requirements of paragraphs 43 and 57 of this Order.

{59}      Thereafter, the Court will set deadlines by which the parties shall submit further filings as to Entezam's Motion to Dismiss and Counterclaim.

{60}     The Court will forward copies of this Order to the North Carolina and California State Bars for whatever action they deem appropriate as to Silver.


     **SO ORDERED**, this the 26th day of March, 2008.