OPINION
{¶ 1} On December 21, 2005, appellant, Robert Simpson, was operating a motor vehicle when it went left of center and struck a vehicle being operated by Donna Irwin. Ms. Irwin died as a result of her injuries sustained in the accident.
 {¶ 2} On January 13, 2006, appellant was charged with vehicular manslaughter in violation of R.C. 2903.06(A)(4). On April 12, 2006, appellant filed a motion requesting the trial court to instruct the jury on the defense of sudden emergency. A hearing was held on May 25, 2006. By judgment entry filed May 25, 2006, the trial court denied the request.
 {¶ 3} Following a no contest plea, sentence, and motion to vacate no contest plea which the trial court granted, a bench trial commenced on July 26, 2007. By journal entry filed July 27, 2007, the trial court determined the charge was a strict liability offense and therefore sudden emergency was not a defense, found appellant guilty, and sentenced him to ninety days in jail with sixty days suspended.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I *Page 3 {¶ 5} "THE TRIAL COURT ERRED/COMMITTED AN ABUSE OF DISCRETION WHEN IT RULED THAT THE LEGAL DEFENSE OF SUDDEN EMERGENCY IS NOT AVAILABLE TO THE CHARGE OF VEHICULAR MANSLAUGHTER PURSUANT TO OHIO REVISED CODE § 2903.06(A)(4)."
 II {¶ 6} "THE TRIAL COURT ERRED/COMMITTED AN ABUSE OF DISCRETION IN PREVENTING THE DEFENDANT FROM USING THE LEGAL DEFENSE OF SUDDEN EMERGENCY AND STATING THAT ORC 2903.06(A)(4) IS A STRICT LIABILITY OFFENSE."
 I, II {¶ 7} Appellant claims the trial court erred in not permitting evidence of a sudden emergency as a defense to the vehicular manslaughter charge where the predicate offense was a left of center violation. We disagree.
 {¶ 8} In its journal entry filed July 27, 2007, the trial court determined a violation of R.C. 2903.06(A)(4) was a strict liability offense; therefore no mens rea was required.
 {¶ 9} In the particular facts sub judice, it is undisputed that appellant's vehicle went left of center. In the proffer offered by defense counsel, it was the opinion of the investigating officer, Ohio State Highway Patrol Trooper Scott Wolford, that appellant's vehicle went left of center as it slipped on frozen condensation. T. at 30. Appellant proffered the defense of sudden emergency as a result of invisible frozen condensation on the roadway. T. at 32-64. *Page 4 
 {¶ 10} Appellant was convicted of violating R.C. 2903.06(A)(4) which states the following:
 {¶ 11} "(A) No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall cause the death of another or the unlawful termination of another's pregnancy in any of the following ways:
 {¶ 12} "(4) As the proximate result of committing a violation of any provision of any section contained in Title XLV of the Revised Code that is a minor misdemeanor or of a municipal ordinance that, regardless of the penalty set by ordinance for the violation, is substantially equivalent to any provision of any section contained in Title XLV of the Revised Code that is a minor misdemeanor."
 {¶ 13} The specific minor misdemeanor offense was failure to drive within marked lanes in violation of R.C. 4511.33(A)(1) which states the following:
 {¶ 14} "(A) Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:
 {¶ 15} "(1) A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety."
 {¶ 16} Appellant argues the wording in R.C. 4511.33(A)(1) "as nearly as is practicable" anticipates a defense of sudden emergency. In support of his argument, *Page 5 
appellant cites this court's opinion in State v. Lett, Ashland App. No. 02COA049, 2003-Ohio-3366, wherein this court acknowledged that a defense to a left of center violation was available. However, the Lett case is distinguishable from the case sub judice because the specific wording of the failure to control ordinance in Lett included reasonable and ordinary control language:
 {¶ 17} "Appellee argues although the ordinance does not specify culpability it plainly indicates a purpose to impose strict liability by use of the word `shall.' Accordingly, appellee argues no mens rea is necessary to prove the crime and therefore, the trial court properly refused to consider the defense of sudden emergency. However, the code states no person shall operate a motor vehicle without `reasonable and ordinary control.' In other words, the city code has incorporated and/or adopted the ordinary standard of negligence as the requisite proof of culpability within its failure to control ordinance. See, State v.Jones (Apr. 25, 1989), Franklin App. No. 88AP-920, unreported." Lettat ¶ 12.
 {¶ 18} We concur with the trial court's analysis despite our dicta inLett for the following reasons.
 {¶ 19} In State v. Hodge, 147 Ohio App.3d 550, 2002-Ohio-3053, ¶42-43, our brethren from the Seventh District expressed the following conclusion as to what "as nearly as is practicable" meant:
 {¶ 20} "`Black's Law Dictionary (5 Ed.1979) defines "practicable" as: "* * * that which may be done, practiced or accomplished; that which is performable, feasible, possible * * *" Our review of the law of other jurisdictions indicates that other state * * *courts generally agree with this definition. See, e.g. Miller v. State (1968), 73 *Page 6 
Wash.2d 790, 793-794, 440 P.2d 840; Unverzagt v. Prestera (1940), 339 Pa. 141, 144, 13 A.2d 46; Beech Fork Coal Co. v. Pocahontas Corp.
(1930), 109 W.Va 39, 46-67, 152 S.E. 785; People, ex rel. Williams v.Errant (1907), 229 Ill. 56, 66, 82 N.E. 271. * * *The Ohio Supreme Court has also defined "practicable" as "capable of being put into practice or accomplished," or something that is "reasonably possible."State ex rel. Fast Co. v. Indus. Comm. (1964), 176 Ohio St. 199,201
[198 N.E.2d 666, 27 O.O.2d 86].' Columbus v. Truax (1983), 7 Ohio App.3d 49, 50-51,7 OBR 60, 454 N.E.2d 184.
 {¶ 21} "The legislature did not intend for a motorist to be punished when road debris or a parked vehicle makes it necessary to travel outside the lane. Nor, we are quite certain, did the legislature intend this statute to punish motorists for traveling outside their lane to avoid striking a child or animal. We are equally certain the legislature did not intend the statute to give motorists the option of staying within the lane at their choosing. Common sense dictates that the statute is designed to keep travelers, both in vehicles and pedestrians, safe. The logical conclusion is that the legislature intended only special circumstances to be valid reasons to leave a lane, not mere inattentiveness or carelessness. To believe that the statute was intended to allow motorists the option of when they will or will not abide by the lane requirement is simply not reasonable." (Emphasissic.)
 {¶ 22} In Oeschle v. Hart (1967), 12 Ohio St.2d 29, 34, the Supreme Court of Ohio found the defense of sudden emergency was not available to a left of center violation even if it was caused by skidding on ice:
 {¶ 23} "The defendant in the instant case relies upon the doctrine of sudden emergency. However, every unexpected occurrence does not constitute a sudden *Page 7 
emergency. As was stated in paragraph five of the syllabus ofSpalding v. Waxier, 2 Ohio St.2d 1, 205 N.E.2d 890:
 {¶ 24} "`An emergency which will relieve a motorist of his duty to comply with a safety statute regulating vehicular traffic must arise as the result of something over which he has no control. A self-created emergency, one arising from the driver's own conduct or from circumstances under his control, cannot serve as an excuse.'
 {¶ 25} "Skidding upon wet or icy roadway pavement is a circumstance within the power of motorists to prevent. Bad road conditions, alone, should not excuse a driver from the mandatory requirements of Sections4511.25 and 4511.26, Revised Code.
 {¶ 26} "It is unquestionably true that under the usual test of foreseeability the holding of defendant responsible for the act of skidding on a random ice patch on an otherwise clear highway is a harsh result. However, the operator of a motor vehicle is responsible for keeping his vehicle under control and on his side of the road. This is true irrespective of the condition of the road. Violation of Sections4511.25 and 4511.26, Revised Code, is negligence per se. It follows that defendant must bear the loss, for it is her violation of those statutes that caused the loss. Peters v. B. F. Transfer Co., 7 Ohio St.2d 143. Cf. Stump v. Phillians, 2 Ohio St.2d 209."
 {¶ 27} Given the lack of mens rea in R.C. 2903.06(A)(4) and R.C.4511.33, we concur the statutes impose strict liability upon a motorist not to go left of center. Upon review, we find the trial court did not err in preventing appellant from using the defense of sudden emergency.
 {¶ 28} Assignments of Error I and II are denied. *Page 8 
 {¶ 29} The judgment of the Mount Vernon Municipal Court of Knox County, Ohio is hereby affirmed. By Farmer, J. Hoffman, P.J. and Delaney, J. concur.
Farmer, J., Hoffman, P.J. and Delaney, J. concur.
 JUDGMENT ENTRY *Page 9 
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Mount Vernon Municipal Court of Knox County, Ohio is affirmed. *Page 1