OPINION
{¶ 1} This is an appeal by defendant-appellant, Raymond Khoury, from a judgment of the Franklin County Municipal Court, Environmental Division, denying appellant's motion to dismiss in which appellant alleged that an ordinance regulating the use of outdoor signs was unconstitutional.
 {¶ 2} Appellant is the owner of a restaurant in Whitehall. On September 5, 2006, plaintiff-appellee, City of Whitehall, cited appellant for various violations of the city code, including the display of prohibited signs, in violation of Whitehall City Code Sections1127.06(a)(8) and (a)(9). According to the allegations, appellant parked an unlicensed *Page 2 
pick-up truck on a strip center parking lot, adjacent to his business. Displayed on the side of the vehicle was a large sign advertising appellant's restaurant.
 {¶ 3} On March 13, 2007, appellant filed a motion to dismiss, asserting in part that Whitehall City Code Sections 1127.06(a)(8) and (a)(9) were unconstitutionally vague and overbroad. Appellee filed a memorandum contra appellant's motion to dismiss.
 {¶ 4} Appellant subsequently entered a no contest plea to the charges, and the trial court filed a sentencing entry on May 25, 2007. By entry filed August 8, 2007, the trial court denied appellant's motion to dismiss.
 {¶ 5} On appeal, appellant sets forth the following single assignment of error for this court's review: THE COMMON PLEAS COURT ERRED IN FAILING TO DISMISS THE CHARGES WHICH ARE BASED ON AN ORDINANCE THAT IS UNCONSTIUTIONALLY VAGUE AND OVERBROAD IN VIOLATIOIN OF THEFIRST AMENDMENT TO THE UNITED STATES CONSTITUTION.
 {¶ 6} Under his single assignment of error, appellant contends the trial court erred in denying his motion to dismiss. We note that, while appellant was charged under various sections of the city code, his appeal focuses solely upon the trial court's rejection of his argument that the provisions of Whitehall City Code Sections 1127.06(a)(8) and (9) are unconstitutional.
 {¶ 7} An appellate court's review of a trial court's denial of a motion to dismiss is de novo. Akron v. Molyneaux (2001),144 Ohio App.3d 421, 426. Similarly, an appellate court's review of the constitutionality of a statute is de novo. Crosby v. Franklin Cty. Dept.of Job Family Serv., Franklin App. No. 07AP-41, 2007-Ohio-6641, at ¶ 24.
 {¶ 8} Under Ohio law, "[i]t is well established that `municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within *Page 3 
their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws.'" Home Builders Assoc. ofDayton v. City of Beavercreek (2000), 89 Ohio St.3d 121, 124, quoting Section 3, Article XVIII, Ohio Constitution. A municipality's power to pass ordinances to promote the health, safety, morals, or general welfare of the public is broad, and not subject to precise definition.Columbus v. Truax (1983), 7 Ohio App.3d 49, 51. However, a city's police power is not unlimited, and a municipal ordinance "`must not be arbitrary, discriminatory, capricious or unreasonable and must bear a real and substantial relation to the health, safety, morals or general welfare of the public'" Id., quoting Cincinnati v. Correll (1943), 141 Ohio St. 535, paragraph one of the syllabus.
 {¶ 9} It is a well-settled principle that courts are to "presume the constitutionality of a municipal ordinance and that the party challenging a legislative act of a municipality bears the burden of demonstrating its unconstitutionality." Northern Ohio Sign ContractorsAssn. v. City of Lakewood (1987), 32 Ohio St.3d 316, 317. See, also,Molyneaux, supra, at 426 (the challenged legislation will not be invalidated "unless the challenger establishes that it is unconstitutional beyond a reasonable doubt").
 {¶ 10} Whitehall City Code Chapter 1127 regulates exterior signs in the city. The chapter includes provisions pertaining to: (1) "signs permitted in all zones" (Whitehall City Code Section 1127.03); (2) exemptions for certain types of signs, i.e., certain public signs, temporary signs, integral signs, real estate signs and political campaign signs (Whitehall City Code Section 1127.04); (3) nonconforming signs (Whitehall City Code Section 1127.05); and, pertinent to the instant case, (4) certain prohibited signs (Whitehall City Code Section1127.06). *Page 4 
 {¶ 11} Whitehall City Code Section 1127.06(a) states in relevant part:
 The following signs are prohibited, and shall not be construed as nonconforming signs.
 (8) On-premises signs mounted on a vehicle shall be prohibited.
 (9) Paper, cloth or similar temporary signs displayed outside the building are prohibited except as allowed in Section 1127.04(b).
 {¶ 12} In considering a challenge to an ordinance or statute as void for vagueness, a court is required to determine whether the enactment: "(1) provides sufficient notice of its proscriptions to facilitate compliance by persons of ordinary intelligence and (2) is specific enough to prevent official arbitrariness or discrimination in its enforcement." Norwood v. Horney, 110 Ohio St.3d 353, 2006-Ohio-3799, at ¶ 84. Further, a statute is not void for vagueness simply because it could have been worded more precisely or with additional certainty, but, instead, the "critical question in all cases is whether the law affords a reasonable individual of ordinary intelligence fair notice and sufficient definition and guidance to enable him to conform his conduct to the law[.]" Id., at ¶ 86.
 {¶ 13} Appellant first contends that certain language in the city ordinance is unclear because it contains a "double negative." Specifically, appellant cites the portion of Whitehall City Code Section1127.06(a) providing that "[t]he following signs are prohibited, and shall not be construed as nonconforming signs." Appellant contends this language is confusing, and he asserts "what is not to be construed as nonconforming therefore should be construed as conforming." (Brief of appellant, at 4.)
 {¶ 14} As noted by appellee, however, appellant fails to give recognition to all of the relevant portions of the city's ordinance. More specifically, Whitehall City Code *Page 5 
Section 1127.05 contains provisions pertaining to "nonconforming signs," and states in part: "A nonconforming sign shall be construed as a sign which does not conform with one or more of the present or future requirements of this chapter, except no prohibited sign defined in Section 1127.06 shall be considered a nonconforming sign unless specifically exempted in Section 1127.06(b)(3)." Therefore, as further noted by appellee, Whitehall City Code Section 1127.05 contains a provision for signs that are nonconforming but still permissible, while Whitehall City Code Section 1127.06 sets forth provisions for signs that are prohibited and not capable of being considered nonconforming. Read in context, we find no merit to appellant's contention that the challenged language is vague or confusing.
 {¶ 15} Appellant next contends that Whitehall City Code Section1127.06(a)(8) is overbroad. Specifically, appellant argues that the prohibition against "signs mounted on a vehicle" would preclude political bumper stickers and other expressions of free speech.
 {¶ 16} In general, "[a]n overbreadth challenge is predicated on the proposition that `[a] clear and precise enactment may nevertheless be "overbroad" if in its reach it prohibits constitutionally protected conduct.'" Molyneaux, supra, at 465, quoting Grayned v. Rockford (1972),408 U.S. 104, 92 S.Ct. 2294. The United States Supreme Court has held that "the justification for the application of overbreadth analysis applies weakly, if at all, in the ordinary commercial context."Bates v. State Bar of Ariz. (1977), 433 U.S. 350, 380, 97 S.Ct. 2691.
 {¶ 17} Appellant's argument that the prohibition under Whitehall City Code Section 1127.06(a)(8) would preclude political bumper stickers is unpersuasive. As noted, the prohibition applies to "signs mounted on a vehicle." The ordinary definition of "mount" is "to attach to a support." Webster's Ninth New Collegiate Dictionary (1987) 775. In the *Page 6 
instant case, the trial court found that the ordinance prohibits vehicles from being used as the foundational base to mount on-premises signs, and that it does not ban bumper stickers or other decals routinely placed on commercial vehicles. We agree.
 {¶ 18} We also find unpersuasive appellant's argument that the Whitehall City Code is arbitrary in that there is no reasonable basis for allowing a sign to be permanently painted on a vehicle while prohibiting a similar advertisement to be mounted on a vehicle. Ohio courts and courts in other jurisdictions "have routinely upheld restrictions on commercial advertising signs in the interests of traffic safety and aesthetics." Bench Signs Unlimited, Inc. v. Lake Twp. Bd. ofZoning Appeals, 149 Ohio App.3d 462, 2002-Ohio-5436, at ¶ 21. Further, the fact that an ordinance "fails to regulate all equally unattractive mediums of commercial speech and ignores other available steps to enhance" a city's appearance is not generally a sufficient basis to find that the ordinance does not advance its aesthetic objectives. MobileSign, Inc. v. Town of Brookhaven (E.D.N.Y. 1987), 670 F.Supp. 68, 73.
 {¶ 19} In the present case, according to the stated purpose and scope of the ordinance at issue, the primary concerns of the drafters involved the fact that advertising signs "have had to become more aggressive, more numerous," and that the lack of control over such signs had caused "dangerous conflicts between advertising signs and traffic control signs and signals." Whitehall City Code Section 1127.00. Arguably, a rational distinction could be drawn between visual clutter and/or distraction resulting from a sign mounted on a vehicle as opposed to advertising merely painted on a vehicle. See Riel v. City of Bradford (C.A.3, 2007),485 F.3d 736, 752 (ordinance exempting signs painted on exterior surface of a building narrowly tailored to meet asserted goal of safety; such signs are rightly exempted as they "carry a greatly reduced chance of harming a *Page 7 
Pedestrian — they are literally attached to the building"). Here, appellant has not shown that the municipality's prohibition against on-premises signs mounted on a vehicle fails to promote the ordinance's stated goals of safety and aesthetics.
 {¶ 20} Finally, we find no merit to appellant's contention that the language of Whitehall City Code Section 1127.06(a)(9), prohibiting "[p]aper, cloth or similar temporary signs," is vague or overbroad. In addition to the above-quoted language of the ordinance, Whitehall City Code Section 1127.01(g)(5) defines "temporary sign" to mean "a banner, pennant, poster or advertising display constructed of cloth, canvas, plastic sheet, cardboard, wallboard or other like materials and intended to be displayed for a limited period of time." Based upon a common understanding of the terms and definition employed, we find that the prohibition against "[p]aper, cloth, or similar temporary signs" is sufficiently clear to give reasonable notice as to the proscribed conduct.
 {¶ 21} Accordingly, based upon this court's de novo review, we find no error by the trial court in denying appellant's motion to dismiss. Based upon the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Municipal Court, Environmental Division, is hereby affirmed.
Judgment affirmed.
 FRENCH and DESHLER, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1